# McPherson *et al. v.* Harris.

### *Construction of Contract.*

1. *A contract should be so construed as to effect the object of the parties.* In the construction of a contract, written or oral, the great object is to ascertain, and if possible, to effectuate the intention of the parties.

2. *A plaintiff is not liable for the expenses of taking care of property levied on under an attachment, when it is released.*—A plaintiff in an attachment suit, who agrees to release the levy on the property attached, and to give an order to the sheriff for its restoration to the defendants, and if any have been sold, to deliver the proceeds also to the defendants, and performs this agreement, does not guaranty the good conduct of the sheriff; and is not liable for the expenses incurred in taking care of the property.

3. *A contract must be construed according to its terms.*—When a contract is expressed in clear and unambiguous terms, it is not legitimate to imply a further and larger obligation.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN HENDERSON.

The plaintiff, Thomas H. Harris, brought suit to the fall term, 1869, of the Circuit Court of Talladega county, against William McPherson and Moses Hamilton, upon a promissory note. The defendants pleaded in short, by consent, the general issue, with leave to give in evidence any matter that might be specially pleaded. Issue being joined, the plaintiff read in evidence the following note:

$600.00. Talladega, October 30th, 1867. One day after date, we, or either of us, promise to pay Jacob Perry, as guardian of Mary and Thomas Harris, or order, six hundred dollars, for value received, with interest from January 1st, 1867. This note to stand as to any legal offsets, if any there be, between the parties, as if the same had been executed January 1st, 1867, this being the note agreed to be given according to articles of agreement of January 1st, 1867, compromising certain suits therein specified.

WM. MCPHERSON,

MOSES HAMILTON,

The defendants then read in evidence this agreement:

"The State of Alabama, Talladega County. This agreement, made and entered into this, first day of January, 1867, between Jacob Perry, guardian of Thomas H. Harris and Mary F. Harris (now Kirk), and William McPherson, Moses Hamilton and William G. McPherson; witnesseth, that

VOL. LIX.

whereas the following suits have been commenced, and now pending, in the Circuit Court of said Talladega county, to-wit: One, Jacob Perry, guardian as aforesaid, against said William McPherson and John Sawyer, another, Moses Hamilton and William G. McPherson against N. D. Plowman, sheriff, Jacob Perry and others; another, by Moses Hamilton against the same parties as the last above mentioned. On the first suit above mentioned, an attachment was sued out and levied upon a stock of goods claimed by said Moses Hamilton and Wm. G. McPherson, and also on seven mules claimed by said Moses Hamilton. The second suit mentioned, brought to recover damages for the wrongful levy on said mules. Now, for the purpose of settling said several suits, the parties hereto agree that said Jacob Perry release said levy on said goods, and give to said Hamilton and Mc-Pherson an order to the sheriff, requiring him to return to them the said goods, and the said mules having been sold by said sheriff, the said Perry releases to and gives an order to said sheriff, requiring the proceeds of said sale of the said mules to be paid to said Hamilton; and it is further agreed that said Jacob Perry agrees, and hereby binds himself, to give a credit upon his said debt sued upon against said William McPherson and John Sawyer one-half of said debt, and to release said William McPherson on the same, and to look alone to the said Sawyer for the balance of the said debt upon said William McPherson, giving his note, with good and sufficient security, for the sum of six hundred dollars, bearing interest from this date. It is further agreed that the said Moses Hamilton and William G. McPherson are bound, and they hereby bind themselves, to dismiss their said suit, and the said Moses Hamilton is to dismiss his suit; and a compliance with these presents shall be a full satisfaction of all damages claimed in said suits. And the said Jacob Perry hereby binds himself to release said William McPherson from all further liability against him and said John Sawyer, but is to be permitted to retain his said suit, so as to recover the other half of said debt against said Sawyer, but is to look to him alone, and to enforce such recovery against said Sawyer. The promises, as above stated, being fully complied with, may be pleaded, and shall be a bar against the further prose-cuting of the said several suits, except as above stated.

"JACOB PERRY,
"WM. McPHERSON,
"MOSES HAMILTON,
"W. G. McPHERSON."

[McPherson et al. v. Harris.]

It was admitted that all the orders which Perry had agreed to make or give, had been given to the sheriff, in compliance with the foregoing contract.

Moses Hamilton, among other matters, testified that the goods received from the sheriff on the order of the said Perry, fell short of the proper amount, " three hundred and twelve dollars and some cents,—and that the sheriff refused to give back to witness all the proceeds of the sales of said mules, and that the sheriff took the sum of four hundred and nine dollars of the proceeds of the said sales on account of costs and expenses growing out of said attachment sent."

The plaintiff objected to the introduction of this evidence, the court sustained the objection, and the defendants excepted.

The sheriff offered in evidence the following receipts :

" Received, January 8th, 1867, of Moses Hamilton, of funds of Hamilton & McPherson reserved, one hundred and fifty-six 80-100 dollars expenses for feeding mules, ninety dollars for hauling goods, twenty-two 50-100 dollars house rent due Savory, seventy-five dollars house rent at Fayetteville, fifteen dollars due Puckett for guarding goods, twelve dollars due Puckett for moving goods, forty dollars clerk hire, amounting to three hundred and nine 30-100 dollars.

                      " N. P. PLOWMAN, Sheriff."

" Received of N. P. Plowman, sheriff, January 8th, 1867, four hundred and seventy-six 84-100 dollars, balance of money due from sale of mules and goods, property of Hamilton & McPherson, after subtracting above named expenses as shown by above receipt.

                      " MOSES HAMILTON."

To this evidence the defendants objected; their objection was overruled, and they excepted.

LEWIS E. PARSONS, for appellant.—1. The appellee defends the ruling of the court below, on the ground that the testimony of Hamilton tended to vary and change the legal effect of the written agreement made on January 1st, 1867, and mentioned in the note sued on. The interpretation given to the contract is a narrow one. A careful reading of the agreement will show that such an interpretation is neither true nor just. The mules levied on had been sold, and the order given by the appellee was for the proceeds of that sale—the entire proceeds—and not so much of it as might then remain in the sheriff's hands.

[McPherson et al. v. Harris.]

2. Whatever conclusion the court may come to concerning the 'order for the proceeds of the sale of the mules," it is certain, that under the agreement *all of the goods* which had been seized were to be returned—not a part of them, nor the proceeds of them.

3. There was a failure of consideration, and the appellants should have permitted to have shown it. "The maker of a promissory note may show the failure of consideration, and may therefore prove the contract—the inducement to the making and receiving the note."—2 Ala. 280; 10 Ala. 230; 19 Ala. 203. "Failure of consideration is available as a legal defence in reduction of the sum sought to be recovered. Nor is the rule varied because the defendant could maintain a cross-action for damages in consequence of such partial failure."—42 Ala. 230.

TAUL BRADFORD, for appellee.

BRICKELL, C. J.—The case presents but a single question—the true construction of the contract entered into on the first day of January, 1867, by Jacob Perry, William McPherson, Moses Hamilton and William G. McPherson. In the construction of written or verbal contracts, the great object is to ascertain, and if possible effectuate the intention of the parties. In ascertaining such intention, the court must place itself in the situation of the contracting parties at the time of making the contract, and consider their obvious design as to the purposes to be accomplished.— *Pollard v. Maddox,* 28 Ala. 321; *Bryant v. Bryant,* 35 Ala. 315.

When this contract was made, there were several suits pending between the parties, and the primary purpose was to settle finally the litigation they involved. The suit in which Perry was plaintiff had been commenced by, or an attachment had been sued out in aid of it—which is the fact, is not certainly shown. The attachment had been levied on a stock of goods and several mules as the property of William McPherson. Hamilton and William G. McPherson were not parties to the attachment suit, but claimants of the property levied on, and had sued the sheriff and Perry for its wrongful taking or conversion. "Now for the purpose of settling said several suits," are the words of the contract, "the parties hereto agree that said Jacob Perry release said levy on said goods, and give to said Hamilton and McPherson an order to the sheriff requiring him to

return to them the said goods; and the said mules having been sold by said sheriff, the said Perry releases to, and gives an order to said sheriff requiring the proceeds of said sale of the said mules to be paid to said Hamilton." The levy on the goods was released—the order given for their restoration to McPherson and Hamilton, and an order given to Hamilton, for the proceeds of the sale of the mules. The sheriff failed to deliver all the goods on which he had levied, and retained from the proceeds of the sale of the mules, costs and expenses incurred in taking care and making sale of them, and costs and expenses incurred in taking care of the goods. It is insisted Perry is liable for the goods not returned, and for so much of the proceeds of the sale of the mules as the sheriff retained. We can not concur in this view of the contract. There is no word in it, which imports that Perry was to become the guarantor for the good conduct of the sheriff, past, present or future. Nor does it import more than that he would release whatever of claim he had acquired by the levy of the attachment, leaving the sheriff, so far as he was concerned without authority to retain possession of the goods, or the proceeds of the sale of the mules. The levy of the attachment created a lien, which Perry could control, and release or enforce. Withdrawal of the goods, and the proceeds of the sale of the mules from this lien, restoring McPherson and Hamilton to the right to control them, and to possession of them, so far as the right was affected by the lien was all that Perry bound himself to do, and all it was intended he should do. This was to be accomplished by an order to the sheriff to return the goods, and pay over the proceeds of the sale. When the order was given, there was full compliance by Perry with the stipulations of the contract on his part. The parties must have known costs had been incurred in the keeping of the goods, and in the keeping and sale of the mules. If it had been intended these costs should be paid by Perry, there would have been some stipulation to that effect. They would have followed ordinarily the event of the suit he had instituted. A right to continue this suit against Sawyer, one of the defendants to it, who could not be charged with them Perry expressly retains. The only duty imposed on him, is the release of the levy, and an order to the sheriff for the restoration of the goods, and the payment of the proceeds of the sale of the mules. Now it is not consistent with the manifest purposes of the contract to quiet the controversy, to suppose the parties intended that the costs they knew had

been incurred should remain unsettled.   Nor is it legitimate when in clear and unambiguous terms the obligation of Perry is expressed, to imply a further and larger obligation.   We think Perry fully complied with the contract on his part when the levy was released, and the orders given to the sheriff.   If the sheriff had converted, or failed to deliver any of the goods seized, it was his default, for which he, and not Perry was answerable to McPherson and Hamilton.   If he retained for costs, the parties must have contemplated such retainer when the contract was made, and have intended that the order of Perry should be regarded as a direction and authority to pay over, only what Perry could have controlled or received—the balance of the proceeds of sale, after paying such costs.

Adopting this construction of the contract, there is no error in the record of which the appellants can complain, and the judgment is affirmed.