# McDonnell *v*. Jordan.

*Action to recover Money paid on a Contract.*

1. *Construction of contract; intention of parties; ascertainment thereof.*—In construing contracts, the great object is to ascertain the intention of the parties and in ascertaining same, the court must place itself in the situation of the parties at the time of making the contract, and consider their obvious designs as to the purpose to be accomplished.

[McDonnell v. Jordan.]

2. *Same; same; case at bar.*—Where there has been a contest over a
will and one of the parties thereto, in a compromise settlement
between the contestants, contracts that $13,000 shall be paid
to the other contestant, and that "no court costs or other
charges arising from or connected with any proceeding con-
cerning the contest or petition to probate the will shall at-
tach to or be paid by" such other contestants and contracting
himself "to pay all the court costs and lawful debts of the
estate" such agreement applies to costs growing out of the con-
test or petition to probate the will which have been paid by
the other party before the compromise settlement was made,
as well as to those costs which had not been paid, and such
other party can recover the amount so paid by him in costs.

APPEAL from Madison Circuit Court.

Tried before the Hon. PAUL SPEAKE.

This was an action by the appellant, Ada F. McDon-
nell, to recover of the appellee, Llewellyn Jordan, money
paid by appellant as costs in a proceeding in the United
States Court, growing out of a contest between appellant
and appellee over the terms of the will of Mattie Lee
Fennell, deceased. The contest over the will was settled
by a compromise between the parties, set out below.
The first count of the amended complaint in the case is
as follows: "Plaintiff claims of the defendant the sum of
forty-two and 70-100 dollars, paid by her on November 17
1897, to the clerk of the Federal court sitting at Hunts-
ville, Alabama, said amount being a bill of costs arising
out of the contest of the will of Mattie Lee Fennell, de-
ceased, and the defendant by the terms of certain written
instruments, four in number, copies of which are hereto
attached marked respectively Exhibits A, B, C and D,
undertook and agreed to pay said court costs, but he has
failed to do so, and hence plaintiff asks judgment with
the interest thereon, which is due. Plaintiff has com-
plied with her part of the contract and has demanded
the payment of said fees and court costs of the defendant.
The court costs above referred to arose out of the con-
test of the will of Mattie Lee Fennell, deceased, and Ada
M. McDonnell, as contestant, and Llewellyn Jordan, as
contestee, in the circuit court of the United States, sit-

ting at Huntsville, Alabama, the same having been removed to the said circuit court of the United States on the petition of Llewellyn Jordan. Exhibits A, B, C and D are intended and prayed to be taken as part of count No. 1. The second and third counts of the complaint are practically the same in form and averments as count No. 1, except that they relate to different items of costs paid in the United States Court one for $306.25, and one for $210.60. The 4th count of the complaint is as follows: "4. Plaintiff claims of the defendant the further sum of twenty-five dollars due by a contract between the plaintiff and defendant as shown by the instruments of which the exhibits hereto attached marked, respectively, 'A, B, C and D' are copies." Exhibit A is a copy of a proposition made by appellant to appellee as a basis of settlement of the controversy over the will, offering the appellee whichever side of the proposition he desired. Exhibit B, which accepts the proposition in behalf of the appellee, is as follows: "Dr. Lewellyn Jordan in response to the proposition made to him by Dr. Henry McDonnell and his wife, Ada F. McDonnell, dated September 20, 1902, as a basis of settlement of the contest now pending in the probate court of Madison county, Alabama, in the matter of the will of Mattie E. Fennell, deceased, says: He, Llewellyn Jordan, accepts that proposition by the terms of which the balance of the property, including the real estate, tenements, stored furniture, and money or other property will go to him, and he agrees to pay all court costs, lawful debts against the estate and special administrator's fees, and he is to give and cause to be turned over to Dr. and Mrs. McDonnell out of the cash assets of the estate of Mattie Lee Fennell the sum of thirteen thousand dollars, to include the Alabama bonds belonging to the estate. No court costs or other charges arising from or connected with any proceedings concerning the contest of or petition to probate the will shall attach to or be paid by Dr. or Mrs. McDonnell. The legal proceedings necessary to carry out the above will be properly written up before the property is passed. Dr. and Mrs. McDonnell are to release all claims against the es-

tate. The contest of the will is to be withdrawn and the will admitted to probate. September 20, 1902. (Signed) Llewellyn Jordan." Exhibits C and D relate to details of the settlement. The date of the compromise was September 20, 1902. The date of the payment of the costs of the United States court was in 1897. Dr. Jordan declined to refund to appellant such costs on the ground that the provision that he was to pay all costs of the settlement related to those costs only which were unpaid at the time of the agreement, and not to costs which had been paid prior thereto. He demurred to plaintiff's amended complaint on the following grounds. To the first count because: "1. Said count shows that said sum was paid by plaintiff on November 15, 1897, and the said written instruments, Exhibits A, B, C and D, were not executed until the month of December, 1902, and they contain no provision agreeing to reimburse plaintiff for any amounts previously paid out by her as court costs." Said count seeks to recover a sum alleged to have been paid out by plaintiff as court costs, which it avers defendant agreed to pay by the terms of four written instruments, Exhibits A, B, C and D, and said written instruments show upon their faces that they are a proposition of compromise, acceptance of the same and papers relating to the compromise of the contest of the will of Mattie Lee Fennell, deceased, and said count does not say that the compromise was effected, or that plaintiff carried out and performed her part of the compromise. 3. Said count shows that the amount sued for was paid out by plaintiff before the execution of the written instruments, and said instruments contain no provisions or stipulations binding defendant to pay plaintiff back any sum paid out by her for costs prior to the acceptance of the proposition of compromise. 4. Said count seeks to recover costs paid by plaintiff "and arising out of the contest of the will of Mattie Lee Fennell, deceased, prior to the making and acceptance of compromise shown by exhibits A, B, C and D, and by the express terms of said compromise as shown by said exhibits the plaintiff was "to release all claims against the

[McDonnell v. Jordan.]

estate. 5. Said count does not show that any demand was ever made on the defendant to pay the amount of court costs sued for and described therein prior to the bringing of this action. Said count does not and the exhibits thereto do not show that the defendant ever agreed or contracted to pay the court costs mentioned and described therein. 7. Said count seeks to recover costs paid by plaintiff 'to the clerk of the Federal court sitting at Huntsville, Alabama,' but does not show what Federal court it was or what character of proceeding the bill of costs arose in. 8. Said.count does not say that the bill of costs arose in a proceeding of which the Federal court sitting at Huntsville, Alabama, had jurisdiction. 9. Said count does not give the style of the case or describe the proceeding in which said bill of costs arose." The defendant demurred to the second count, on the grounds assigned above to the first count, and also the following additional grounds: "1. Said count does not show when the plaintiff paid said bill of costs. 2. Said count does not show that plaintiff paid bill of costs prior to the execution of the written instruments, Exhibits A, B, C and D. 3. Said count does not show the United States Court of Appeals for the 5th circuit acquired jurisdiction of the contest of the will of Mattie Lee Fennell, deceased." To the third count on the grounds assigned to the last count, and also because "said count does not show that the bill of costs therein referred to was paid by the plaintiff subsequent to the execution of the written instruments, exhibit A, B, C and D." To the 4th count he demurred, because "1. Said count and exhibits A, B, C and D show upon their faces that defendant did not contract to pay plaintiff the twenty-five dollars sued for. 2. Said count does not show how or in what way defendant is indebted to plaintiff in the sum of twenty-five dollars, and said exhibits contain no reference to same." The court sustained each of said demurrers. The plaintiff declined to plead further and the court dismissed the case. The plaintiff appeals and assigns the ruling of the trial court on the defendant's demurrers as error.

GRAYSON & GRAYSON, for appellant.—The plaintiff having received as her portion of the estate the "cash proposition," she received it by the express stipulation that she was to pay no court costs of any kind or character connected with or arising out of the contest. The language is broad and sweeping. The language "no court costs" would refer to every character of court costs.

A promise by a party to a suit to pay the bill of costs therein is based upon a valuable consideration.—*Warren v. Booze,* 15 Johns (N. Y.), 223. The words are "no court costs shall attach to or be paid by her, the plaintiff. Why was the word "attach" used if it was not intended to cover the case brought here.

R. W. WALKER and S. S. PLEASANTS, *contra.*—The provision as to the payment of costs is plainly prospective in its operation. Defendant did not agree to reimburse plaintiff for any amounts previously paid out. The payment of the $13,000 was evidently understood to be payment in full. As a matter of fact, upon such payment plaintiff executed a receipt in full. If it had been contemplated that any further payment was to be made to plaintiff, some further provision would have been inserted in the stipulation, the express object of which was to provide for carrying out all the provisions as to payment to be made to plaintiff.

TYSON, J.—A single question is presented for our determination by the record in this case:—a correct construction of the written contract between the parties made on exhibit to the complaint.

In construing contracts, the great object is to ascertain and, if possible, effectuate the intention of the parties. "In ascertaining such intention the court must place itself in the situation of the contracting parties at the time of making the contract and consider their obvious design as to the purpose to be accomplished."—*McPherson v. Harris,* 59 Ala. 620.

"Contracts must be interpreted in the light of sur-

rounding circumstances. The occasion which gives rise to them, the relative position of the parties and their obvious design as to the objects to be accomplished, must be looked at, in order to arrive at their true meaning and to enable the court to carry out their intention, if lawful. It often happens that parties use very inapt expressions in drafting their instruments, yet, their true meaning and intention may be fairly gathered from the instrument, when considered."

It is often the case that it is only by the aid of parol evidence that courts can ascertain what were the circumstances under which a contract was made; what was the relation of the parties and what was in their mutual knowledge.—*McGhee v. Alexander,* 104 Ala. 121.

It is entirely apparent from the contract that the object sought to be accomplished was a settlement of a controversy between the parties which had arisen over the will of one Fennell which had been propounded for probate in the probate court of Madison county and contested by the plaintiff.

It is also equally clear that it was the intention of the parties not only to agree, as to how the property of the testatrix was to be divided between them, but also by whom the costs of the contest of the validity of the will should be paid. This is manifest from those provisions of the contract which provides that plaintiff was to receive $13,000.00 of the cash assets of the estate and "no court costs or other charges arising from or connected with *any proceedings concerning* the contest or petition to probate the will shall attach to or be paid" by her, and that defendant was to have the balance of the property belonging to the estate, he "to pay *all* the court costs, lawful debts of the estate," etc. In other words, the obvious purpose of the contract was to eliminate the contest of the will, to admit it to probate, to divide the estate between the parties and to make provisions for the payment of the costs which had been incurred in the contest proceedings. But it is said that the payment of the only costs provided for by the contract were those incurred in the probate court. Is this true? We think not.

I⁺ appears from the averments of the complaint that after the contest had been inaugurated in the probate court, that upon petition of defendant the cause was removed to the circuit court of the United States and from that court appealed to the circuit court of appeals.

Of necessity, costs accrued in those courts for which one or the other of the parties became liable. This was known to both of them at the time the contract sued upon was entered into.

It is true the complaint does not aver that the cause had been determined by the Federal court when the contract was made, but the contract sufficiently shows this. It refers to the contest as now pending in the probate court, provides for its withdrawal and the admission of the will to probate in that court, which was done under the contract. This, of course, could not have been accomplished with the contest pending in the Federal court.

So, then, at the time the contract was entered into there were costs incurred in the Federal court for which either the plaintiff or defendant, or both, were liable. And in view of the provisions of the contract quoted above, and the object sought to be accomplished, we think that it was the intention of the parties that the payment of those costs should be provided for and that they were provided for. In other words, we entertain the opinion that defendant's promise to "pay all the costs" covers the costs in the Federal court.

But it is said that since plaintiff paid those costs before the making of the contract, that defendant did not undertake to reimburse her; that it was only contemplated that she should be paid "the sum of $13,000.00, to include the Alabama bonds belonging to the estate." If plaintiff, as averred, paid the sum of money as costs, and they were properly taxable as such, we apprehend that the mere fact that she is the owner of the claim for costs, instead of the officers of the court in which it accrued, can make no possible difference. Her ownership of it, in view of defendant's promise to pay *all court costs*, does not, in our opinion, destroy or impair the value and char-

acter of the claim paid by her so as to prevent its inclu-
sion in the word "costs" as used in the contract.

Nor do we think that the provision of the contract for
the payment to plaintiff of $13,000.00 of the assets of the
estate precludes the plaintiff from asserting the demand
here sued upon.   The payment was to be made by the
special administration of the estate.   The court costs
were to be paid by defendant personally.

Furthermore, we think that it was the intention of the
parties that the $13,000.00 was to be net to the party who
accepted that term of the proposition, free of all costs or
other charges, and that the party accepting the propo-
sition to take the remainder of the estate was to bear all
the burdens incident to the litigation, such as court costs,
etc., etc.

Reversed and remanded.

McClellan, C.J., Simpson and Anderson, J.J., con-
curring.