# *Ex parte* Fechheimer *et al.*

## *Application for Mandamus.*

1. *No appeal from a ruling on motion to discharge an injunction; remedy by mandamus.*—Since the statute, (Code, § 3613), authorizing appeals from an interlocutory order sustaining or dissolving an injunction does not authorize or make provision for an appeal from an order made on a motion to discharge an injunction, no such appeal will be allowed; and there being no other adequate remedy,

*mandamus* is the proper remedy for a review of the chancellor's action on said motion.

2. *Injunction bond; when properly given.*—Where a judgment has been rendered against a claimant in an attachment suit, the claim bond returned forfeited, and execution thereon issued against the claimant and his sureties, one of the sureties who seeks to enjoin said execution must give the bond required by section 3522 of the Code of 1886, conditioned to pay the judgment enjoined, and such damages and costs as may be adjudged against him.

On October 17, 1892, Eugene F. Enslen filed his bill in the chancery court of Jefferson county, in which he averred, that on December 26, December 27, December 28, and December 29, 1892, Trounstine Bros. & Co., Fechheimer, Fishal & Co., Wienman, Hirshman & Co., and Hodges Bros., in the order named, upon the respective dates stated, sued out writs of attachment against M. Nathan & Co.; that these writs were executed by the sheriff of Jefferson county by levying upon a stock of merchandise contained in the store-house in Bessemer occupied by the said M. Nathan & Co., and proper returns of the levy of these several attachments were made by the sheriff; that one A. Kolsky claimed a portion of the goods levied upon by the sheriff under these several writs of attachments, and executed a claim bond therefor with the complainant, E. F. Enslen, and one B. S. Loventhal as sureties thereon; that the four causes, which had been previously docketed in the city court of Birmingham were transferred to the circuit court of Jefferson county, holding at Bessemer, Alabama, and that in said last named court, upon issue being made as to the claim of the said Kolsky to some of the property levied upon under the attachments, the claim suit was tried, and judgment was rendered in favor of each of said plaintiffs in the several causes against the claimant, and the property claimed by said Kolsky condemned to the satisfaction of the plaintiffs' judgments against said Nathan & Co., which had been previously obtained. It was further averred in said bill that all of the causes were tried in one proceeding, and that the transfer of the causes from the city court of Birmingham to the circuit court, sitting at Bessemer, was not in accordance with the provisions of the act of the General Assembly, approved February 21, 1893, providing for such transfers, and that, therefore, the order of transfer was without

authority of law and void; that the submission by the plaintiffs in the said several causes and the claimant to the jurisdiction of the circuit court at Bessemer was an alteration of the terms and conditions of the claim bond, on which the complainant was the surety, and operated to discharge the complainant from liability on said bond; that the trial of the said four causes in one proceeding, and the agreement entered into in reference thereto, was a further violation of the complainant's rights, and operated to discharge him from liability. It was also averred in said bill that the said claim bond being returned forfeited by the sheriff, in August, 1892, four executions were issued by the clerk of the circuit court in favor of the four several plaintiffs, against the said A. Kolsky, claimant, and his sureties on the claim bond; and that each of said executions was issued without authority of law, for the reasons stated above, and that the sheriff was without authority to endorse the said bonds, "forfeited," so as to claim any right against the complainant. In conclusion, the complainant averred that said executions being in the hands of the sheriff of Jefferson county, he was proceeding to enforce the same, and, unless restrained by an injunction, would levy upon, sell and sacrifice the complainant's property to satisfy said executions. The prayer of this bill was for an injunction restraining the defendants, Fechheimer, Fishal &amp; Co., each member of said firm, their attorneys and agents, from further proceeding against the complainant upon said executions, and from further interfering with his property, by reason of said execution, and that the complainant be decreed to be released from all liability on said bond. In accordance with the direction to the register a writ of injunction was issued upon the complainant executing an injunction bond. The condition of said bond, which was executed by the complainant, was as follows: "Now, therefore, the condition of the above obligation is such that, if the above bounden Eugene F. Enslen, his executors, administrators, or any of them, shall and do well and truly pay, or cause to be paid, said execution enjoined, with interest and all damages and costs which may be decreed against him, if the said injunction is dissolved, then the above obligation to be void, otherwise to remain in full force and virtue." Upon the issuance of the injunction, the respondents to said

bill, Fechheimer, Fishal & Co. moved the court to discharge the injunction upon the following grounds: "1. The register has not taken bond with proper condition as required by law. 2. The injunction was improvidently issued in that the complainant was not required to give and did not given an injunction bond conditioned as required by law. 3. Because the bond given is conditioned to pay or cause to be paid the execution enjoined, with interest, and all damages and costs which may be decreed against him, that is, the complainant, in case said injunction is dissolved, whereas the bond should have been conditioned to pay all damages and costs which any person may sustain by the suing out of the injunction if the same is dissolved. 4. Because the injunction did not issue to enjoin proceedings after judgment, nor to enjoin a judgment, and hence bond should not have been conditioned according to section 3522 of the Code as amended by the act of the legislature, (Acts 1888-89, page 116), but should have been conditioned in accordance with section 3524 of the Code as amended by said act of the legislature." On the submission of this motion the chancellor decreed that it was not well taken, and overruled the same. Thereupon the respondents moved the court to require the complainant to give an injunction bond with proper condition, and in default thereof to discharge the injunction previously issued by the register upon grounds which were substantially the same as those stated above, with the following addition thereto: "5. Because if it should have been given under section 3522 as amended, it is not so conditioned, that is to say, it is conditioned to pay the execution and not any judgment enjoined." Upon the submission of this motion the same was overruled by the chancellor. The said respondents, by petition, apply to this court for a writ of *mandamus* directed to the Hon. Thomas Cobbs, chancellor, sitting in said cause, commanding him to grant the motion made in said cause by the present petitioners, to discharge the said injunction, or to make an order discharging the said injunction, unless the said Enslen shall execute a bond with condition "to pay all damages and costs which any person may sustain by the suing out of said injunction, if the same is dissolved," or "to pay the judgment enjoined with costs, and all such damages and costs as may be decreed against" the said

Enslen, and in default of the execution of such bond to order the chancellor to dissolve the injunction.

CABANISS & WEAKLEY, for petitioners.—If the bond is not properly conditioned, this authorizes a motion to discharge not to dissolve writ, and to review erroneous ruling on such motion, the remedy is *mandamus*.—*Ex parte Sayre*, 95 Ala. 288.

Sections 3521, 3522, 3528, 3529 and 3531 are all *in pari materia* and must be construed together. They all relate to injunctions of money judgments rendered by a court, and form a complete system upon the subject of injunctions of judgments by defendants in the suit upon some ground of equitable interference.—*Barnard v. Davis*, 54 Ala. 565. They clearly have no application to an injunction by a surety on a forfeited claim bond of an execution issued against him under statutory authorization, where only the execution is enjoined, and that is larger than the judgment.—*Newsom v. Thornton*, 61 Ala. 95, contains a clear statement of the meaning of these various sections.

Section 3522 of the Code of 1886 was intended for a case totally different from the present one; that is to cover all cases where defendants, in actions at law, had to go into equity to make an equitable defense not available at law.—*Barnard v. Davis*, 54 Ala. 565; *Ricks v. Richardson*, 11 So. Rep. (Miss.) 935; *Chandler v. Faulkner*, 5 Ala. 567; *Driggs v. Norwood*, (Ark.) 4 S. W. Rep. 448. On question of injunction of execution alone, see *Dunn v. Bank*, 2 Ala. 152.

E. K. CAMPBELL, *contra*.—Petitioners had a right to appeal from the chancellor's order in term time, overruling their motion to discharge the injunction.—Section 3613 is broad enough to authorize such an appeal.—*Ex parte City Council of Montgomery*, 24 Ala. 98.

Another reason why this case does not justify a *mandamus* is that the decision of the question as to what condition the bond in this cause should contain involves a a judicial determination, which will not be controlled by *mandamus.*—*Mobile Mut. Ins. Co. v. Cleveland*, 76 Ala. 321 ; *Ex parte City Council of Montgomery*, 24 Ala. 98.

McCLELLAN, J.—Section 3613 of the Code provides

for an appeal to the Supreme Court from all interlocutory orders, in term time or vacation, sustaining or dissolving injunctions. An order *discharging* an injunction is quite a different thing from an order dissolving an injunction ; and it has been decided that the section referred to above does not authorize an appeal from an order discharging an injunction.—*Ex parte Sayre*, 95 Ala. 288. Had the legislative purpose in the enactment of that section been to authorize an appeal from an order overruling and denying a motion to discharge an injunction, it is not conceivable that the law-makers would not also have therein authorized an appeal from an order granting such motion and discharging an injunction. That this was not done convinces us that there was no purpose to authorize an appeal from any order made on a motion to discharge an injunction, and that the whole operation of section 3613 is upon orders on motion to dissolve injunctions.

In the case at bar there was a motion to discharge the injunction, on the ground that the bond given for the issuance thereof was not the bond, in respect of its condition, which the statute required on the case made by the bill, unless complainant executed a sufficient bond. The chancellor overruled the motion and refused to discharge the writ. No interlocutory appeal from this action of the chancellor being allowed by section 3613, or any other statutory provision, and it not being a matter for remedy on appeal from a final decree in the cause, our opinion is that *mandamus* is the appropriate remedy for the correction of the chancellor's action, if it be erroneous. We do not think, however, that the chancellor erred in refusing to discharge the injunction here. The purpose of this bill was and is "to stay proceeding of the judgment in a personal action within the clear intention of section 3522 of the Code. It is quite true that no judgment had been rendered against the complainant *eo nomine*, but a judgment had been rendered against the claimant, whose surety complainant was, in the trial of his claim to the property attached and which had been delivered to him on the bond signed by the claimant, complainant and another. This judgment was for the property thus claimed and taken by the claimant, or its alternate value. The property was not returned within the statutory period, and when that had elapsed the

[Louisville & Nashville Railroad Co. v. Markee, Admrx.]

sheriff returned the claim bond as forfeited. This forfeiture, together with the fact that judgment had been entered against the claimant, authorize the issuance of execution against the sureties. The judgment against the principal in the bond was in legal effect converted by operation of law through the return of forfeiture into a judgment against the sureties for all the purposes of section 3522, and the bond necessary for them to give to stay proceedings thereunder against them is that prescribed by that section which was given in this case.

Mandamus denied.