# Ex Parte State *ex rel.* Higdon.

## *Mandamus.*

(Decided May 20, 1909.   Rehearing denied June 30, 1909.
50 South. 143.)

1. *Injunction; Violation; Scope.*—Whether or not an injunction has been violated is not determinable alone by the letter of the writ, but in many cases the spirit of the writ must be considered as to its binding and commanding qualities. ·

2. *Same; Violation; Persons Liable; Third Persons.*—Where the writ of injunction forbade certain persons to move, molest, damage or destroy certain property described in the bill of complaint, but did not purport to protect the property otherwise than by restraining the persons named therein, its breach could only be committed by such person or by persons conspiring with them.

Original petition in the Supreme Court.

Petition for mandamus by the state on the relation of E. L. Higdon, sheriff, to review the action of the circuit court of Jefferson County, in adjudging relator guilty of a contempt for violating a writ of injunction. Petition granted.

E. M. HAMIL, for petitioner. Petitioner has no remedy other than by mandamus.—*Ex parte Miller,* 129 Ala. 130; *Hogan v. Alston,* 9 Ala. 627; 9 Cyc. 65; Higdon was not within the letter or spirit of the injunction granted.—22 Cyc. 1015-1016 and notes. The search warrant was authorized.—Sec. 7758, Subd. 3, Code 1907. The sheriff had the authority to execute it.—Sec. 7763, Code 1907. That he was improperly adjudged in contempt, see the following authorities.—24 Kan. 750; 75 N. Y. 268; 42 S. E. 351.

ALLEN & BELL, for respondent. The sheriff was guilty of contempt in that he destroyed the subject-matter of the litigation and interrupted the due course of the proceedings in the circuit court.—22 Cyc. 1012; 127 Fed. 398; 117 Fed. 658; 111 Fed. 422; 75 Fed. 983. It was not necessary that Higdon should have been a party to the injunction.—*In re Lemon,* 166 U. S. 548. There can be no jurisdiction here because the search warrant was void.—*Monroe v. The State,* 137 Ala. 88; *Countz v. Harlan,* 78 Ala. 551. A stranger to a suit may be punished for contempt for an interference with a litigation. —*Ex parte Stickney,* 40 Ala. 160.

McCLELLAN, J.—The petition for mandamus or prohibition invites the review by this court of the action of the circuit court of Jefferson county in adjudging relator guilty of contempt of that court in respect of the violation by relator of a writ of injunction and the penalizing of him in consequence. A statement of the facts will be made.

George T. Howell filed his bill in the circuit court against the mayor and chief of police of the city of Birmingham, alleging that he was the owner of an iron safe located in a certain numbered house in that city; that

said house was used as a restaurant and soft drink stand; that on a date stated one Hunt, an employe of the place, was arrested for violating the prohibition ordinance of the municipality, and the chief of police took charge of said iron safe, the property of complain· ant, and not that of Hunt; that the chief of police "threatened to blow open said safe, and to remove said safe from said place of business, and otherwise mutilate and injure or destroy said safe and contents;" that said safe contained the private papers and sums of money belonging to complainant; that the mayor and chief of police "will destroy said property and injure same, to the great damage of your orator, unless enjoined by this great court. And your orator shows unto your honor that he is without remedy, except in a court of equity. Orator further shows respondents are insolvent and unable to respond in damages." As presently important, the prayer of the bill reads: "And that your honor. will order an injunction restraining the said George B. Ward, mayor and George H. Bodeker, chief of police, from interfering, moving, breaking into, or in any way interfering, mutilating, or molesting said safe, the property of your orator. * * *"

The following order, addressed to the clerk and register of the circuit court, was made by the judge of the court: "Upon complainant's entering into bond in the sum of $100, with sureties to be approved by you, and payable and conditioned according to law, let a temporary injunction issue in accordance with the prayer of the bill of complaint." The bond being approved as required, the writ issued, as prayed in the bill, against Ward and Bodeker, bearing date September 30, 1908. The writ was served by the sheriff, relator being that officer, and it was further conceded that he knew the contents and purport of the writ. Subsequently a

search warrant was issued out of the inferior court of Jefferson county, at the instance of W. M. Burge, and was delivered to the sheriff, commanding him to search the safe, described in the bill filed by Howell, "for the following property, whisky, spirituous or malt liquors held within this county, with the intent to use the same as the means of committing a public offense. * * *" The relator executed the search warrant emanating from the inferior court.

Howell, by affidavit, brought to the attention of the circuit court the alleged fact that Bodeker, Burge, and relator had violated the injunction aforesaid. A rule was thereupon issued to Bodeker, Burge, and relator to show cause why they should not be punished for contempt for misconduct in the failure to obey the mandates, etc., of the circuit court as described in Howell's affidavit. On the hearing of the contempt proceedings it was found on fact, and decided, that Bodeker was blameless, that Burge was misled by his attorney, was given the benefit of the doubt, and was discharged, and that relator was guilty, and a fine was imposed. The adjudication of relator's contempt is thus stated in the judgment: "* * * And that E. L. Higdon, according to his own admission, had notice of the injunction, and that he is therefore guilty of contempt of court; his erroneous supposition that the writ was not binding upon him not justifying his course, but merely extenuating his offense."

We do not discover, from the answer to the rule nisi issued in this proceeding or otherwise, any evidence of a conspiracy or community of purpose, to which relator was a party, to violate or by subterfuge evade the writ of injunction emanating from the circuit court. In short, the guilt vel non of relator must be determined alone on his action, after full knowledge of the issu-

[Ex Parte State ex rel Higdon.]

ance and service of the writ of injunction, and that entirely uninfluenced by the acts or conduct of Bodeker, Ward, or Burge. Nothing appears in the original bill, the order for the writ, or the writ itself connecting Burge with the acts of Bodeker and Ward, to prevent which the writ commanded them. Relator does not appear to have known that Burge (if so) was the person instigating (whether legally or illegally is immaterial) Bedeker and Ward to the destructive acts alleged in the original bill to have been threatened by them. Anyway, we do not understand the adjudication of relator's contempt to have rested in any measure on oral statements of complainant's solicitors made to the court or to the judge pending the granting of the temporary writ of injunction. It is well understood that violation vel non of an injunction is not always decidable alone by the letter of the writ, but that, in many cases unnecessary to undertake to now define, its spirit, broader than its letter, is within the binding, commanding quality thereof.—*Ex parte Miller,* 129 Ala. 130, 30 South. 611, 87 Am. St. Rep. 49; High on Inj. § 1446.

In this instance, the writ possessed no spirit broader than its letter. The command here was addressed to two persons or officers, and forbade them to move, molest, damage, destroy, etc., the safe described in the bill. It did not purport to protect the safe otherwise than by restraint of these two persons or officers from doing the acts defined. Neither the bill, the order nor the writ assume to do more than to restrain Ward and Bodeker as trespassers. The writ operated only in personam. —High on Inj. § 2. It did not undertake to create a status effecting to place the safe in gremio legis. The court did not attempt to install any officer in possession of the safe. There was no effort to remove the safe from its location in the business house. It remained where

it was, presumably in the control and possession of Howell, unless the mandate was not observed by Ward or Bodeker. Under such circumstances, with a writ of injunction sought and issued as this one was, we think this general statement taken from section 1440 of High on Injunctions apt in decision of the matter in hand: "The obligations of an injunction will not usually be extended to persons who are not named in the writ, and they will not be liable for a breach of a mandate which is not directed to them. Thus, where the writ is simply directed to a defendant, without including his agents or servants, an agent will not be punished for a breach."

The relator was a stranger to the writ. Its obligation was confined to the conduct of Ward and Bodeker. It was not framed and did not assume to protect the safe generally. It did not attempt to maintain the status quo except by restraint of Ward and Bodeker. Its breach could only have been effected by conduct, in respect of the safe, by Ward and Bodeker, or either, or by persons conspiring with them to avoid the mandate of the writ. We are therefore of the opinion that relator did not violate the writ of injunction issuing from the circuit court, and hence was improperly ruled to be in contempt of the court. In consequence, the prayer for the writ of mandamus must be granted. It will not issue, however, since the necessity for its actual issuance is not anticipated.

Petition for writ of mandamus granted.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.