(93 South. 898)

**MILLER v. GLENN et al. (7 Div. 331.)**

(Supreme Court of Alabama. Oct. 26, 1922.)

Specific performance ⬿114(2)—Averment of possession and payment under parol sale of land held to take case out of statute of frauds.

A bill for specific performance of a contract to convey land alleging a parol contract for its sale for $180, to be paid in installments, and that plaintiff's decedent was put in possession under the contract and paid the purchase price in full, sufficiently showed payment referable to the contract sought to be enforced to take the case out of the statute of frauds.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill by Walter Glenn and others against C. W. Miller, for specific performance of a contract of conveyance. From a decree granting relief, defendant appeals. Affirmed.

Hood & Murphree, of Gadsden, for appellant.

In suits for specific performance of parol contracts respecting the sale of lands, the contract must be distinctly, definitely, and precisely averred. 88 Ala. 340, 6 South. 747; 113 Ala. 228, 20 South. 964; 137 Ala. 572, 34 South. 622; 155 Ala. 644, 47 South. 80; 57 Ala. 625.

H. G. Bailey, of Boaz, for appellees.

When a bill shows a contract of sale and agreement to convey which is definite and certain enough to be performed, it is not necessary that the bill negative any other terms or conditions. 202 Ala. 690, 81 South. 666; 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52.

SAYRE, J. This bill is filed by the children and heirs at law of S. A. Glenn, deceased, for the specific performance of an alleged contract whereby S. A. Glenn purchased from defendant, Miller, a certain tract of land in Etowah county. The averment is that the parties to the contract entered into a parol agreement for the sale of the land at and for the sum of $180, or thereabouts, to be paid "in installments"; that S. A. Glenn "was put into possession under said contract of sale" and paid the agreed purchase price in full.

It is objected to the bill that the contract therein averred is obnoxious to the statute of frauds for the reason, as we understand, that the acts of part performance relied on to take the case without the operation of the statute are not accurately averred and are not referable to the particular contract sought to be enforced; more specifically the objection takes the form of a contention that the bill should have averred precisely the amount of the purchase money, in what installments payment was to be made, and when. We have quoted enough from the bill to show that the payment alleged, payment in full of the purchase money, is referable to the contract sought to be enforced, while, as for the other objection, it was answered in Penney v. Norton, 202 Ala. 690, 81 South. 666 where a tender of the full amount due was averred. Here the averment is that complainants' ancestor had paid in full, so that the further averments insisted upon would seem to be wholly unnecessary.

As for the failure of proof upon which appellants insist, the evidence has been considered with all due care. Of course, if appellant placed complainants' ancestor, their mother, appellant's sister-in-law, in possession, not as a purchaser, but as a tenant, and as a means of helping her to earn a livelihood for herself and her fatherless children, as he contends, there could be no decree vesting title in complainants. But appellant, testify-

ing in his own behalf, brings himself into conflict with so many other witnesses and at so many various points that we are constrained to accept complainants' case, supported as it is by the testimony of numerous witnesses. We think the case for specific performance is made out by that clear and satisfactory proof which is required as a condition of relief in cases of this character.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.