184 So. 698

### GROOMS v. BROWN–MARX CO.

6 Div. 412.

Supreme Court of Alabama.

Nov. 25, 1938.

Beddow, Ray & Jones, of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

THOMAS, Justice.

The question presented by the appeal, under § 6081 of the Code, is the discharge of the injunction for lack of a proper bond.

The assignment of error that will be considered and determine the question is: "The Court erred in making an order requiring the complainant to file another and additional bond under pain of having the writ of injunction discharged in the absence of a motion to dissolve the injunction and a full hearing thereon."

■ A motion to dissolve an injunction and action thereon touches the equity of the bill, while one to discharge presents the question of sufficiency,—in this case, the sufficiency of the bond for the maintenance of the injunction. The distinction between the dissolution and the discharge of an injunction is well recognized by our long line of decisions. Rochell v. City of Florence, ante, p. 313, 182 So. 50; Jones v. Ewing et al., 56 Ala. 360; Thorington v. Gould, 59 Ala. 461; Ex parte Fechheimer et al., 103 Ala. 154, 15 So. 647.

■ The importance of a due maintenance of jurisdiction of courts, and the comity that obtains, where there is concurrent authority over the same questions and subject-matter, is well understood and established. It is stated generally, as follows:

"The law upon this subject has been repeatedly declared by the Supreme Court and by this court. In Lang v. Choctaw, Oklahoma & Gulf R. Co., 160 F. [355], 359, 360, 87 C.C.A. 311, 312, the rule was thus stated by this court:

" 'The court which first acquires jurisdiction of specific property by the lawful seizure thereof, or by the due commencement of a suit in that court, from which it appears that it is, or will become, necessary to a complete determination of the controversy involved, or to the enforcement of the judgment or decree therein, to seize, charge with a lien, sell, or exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court and entitles the former to retain the control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal. Farmers' Loan & Trust Company v. Lake Street Elevated Railroad Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667; Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Freeman v. Howe, 24 How. 450, 16 L.Ed. 749; Moran v. Sturges, 154 U.S. 256, 14 S.Ct. 1019, 38 L.Ed. 981; Central Nat. Bank v. Stevens, 169 U.S. 432, 18 S.Ct. 403, 42 L.Ed. 807; Williams v. Neely, 134 F. 1, 15, 67 C.C.A. 171, 185, 69 L. R.A. 232; Barber Asphalt Pav. Co. v. Morris, 132 F.

945, 948, 66 C.C.A. 55, 58, 67 L.R.A. 761; Gates v. Bucki, 53 F. 961, 969, 4 C.C.A. 116, 128, 129. * * * The jurisdiction of a court over a subject-matter or a cause once lawfully acquired includes the power to enforce its judgment or decree, and to protect the title of those holding under it from every attempt to avoid or annul it. Chicot County v. Sherwood, 148 U.S. 529, 533, 534, 13 S.Ct. 695, 37 L.Ed. 546; Julian v. Central Trust Company, 193 U.S. 93, 112, 24 S.Ct. 399, 48 L.Ed. 629; Wabash Railroad Company v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Barber Asphalt Pav. Co. v. Morris, 132 F. 945, 949, 66 C.C. A. 55, 59, 67, 67 L.R.A. 761; Brun v. Mann, 151 F. 145, 80 C.C.A. 513, 12 L.R.A.(N.S.) 154.'

"The foregoing rules are no longer debatable, and by them the injunctive order of the federal court must be tested." Swift v. Black Panther Oil & Gas Co., 8 Cir., 244 F. 20, 23. See, also, Ex parte Stella Burch, post, p. 662, 184 So. 694.

■ As to the power of courts over granting and maintenance of injunctions, the authorities are collected in 32 Corpus Juris, § 505 and 506, pp. 310, 311. Under the statutes in this jurisdiction, the necessity and justice is recognized for a proper security from a party applying for injunction as indemnity to a defendant in the injunction against the recoverable loss sustained by the latter, by reason of the wrongful issuance and maintenance of the injunction. That is to say, that a compliance with the requirements of the statutes for bond in such case is necessary, whether it is the main or auxiliary purpose of the bill.

Such are the holdings of this court from an early date. Buckner's Adm'r v. Stewart, 34 Ala. 529; Jones v. Ewing, 56 Ala. 360; Bolling v. Tate, 65 Ala. 417, 39 Am. Rep. 5; Ex parte Fechheimer et al., 103 Ala. 154, 15 So. 647; Jesse French Piano & Oregan Company v. Forbes, 134 Ala. 302, 32 So. 678, 92 Am.St.Rep. 31; Ex parte Miller, 129 Ala. 130, 30 So. 611, 87 Am.St. Rep. 49.

In Ex parte Miller, supra, it is declared to issue an injunction "without the bond prescribed would be irregular. Thorington v. Gould, 59 Ala. 461. Whatever might be the rule, in the absence of statutory regulations on the subject, as to the time the writ becomes operative, we apprehend, under our statute, it can never be operative until the injunction bond has been executed.

Such an order is conditional in its nature, and there can be no injunction, and consequently no contempt for its violation, until the bond has been given: 2 High, Inj. § 1429; 1 Beach, Inj. § 269; Winslow v. Nayson, 113 Mass. 411.

"It is furthermore held, that where an injunction has been granted, but not to take effect until a bond is executed, acts done between the time of granting the injunction and the execution of the bond, which would be violative of the writ if fully operative, do not constitute a breach of the injunction. 1 Beach, Inj. § 253." [page 612.]

It is maintained, on well considered authorities, that the statutes have no application to injunction issued by the court to prevent the impairment and defeat the just exercise of its undoubted jurisdiction to protect and enforce its lawful orders and to preserve the title made by these orders. Swift v. Black Panther Oil & Gas Co., 8 Cir., 244 F. 20, 156 C.C.A. 448; 32 C.J. 311.

■ It will hardly be doubted that such was the nature of the decree appealed from and the order of October 18, 1938, by this court, to maintain the status quo of the case as of the date immediately preceding the order from which the appeal was prosecuted. The court is not shown to have exercised an arbitrary power in requiring the additional bond to protect the status quo and subject matter pending a determination of the material facts on a final hearing, and to a decree on the merits thereof.

The appellant filed his bill and sought injunction, averring among other things that, "On, towit: the 3rd day of September, 1938, your complainant and the respondent, acting by and through its President, Prescott V. Kelley, entered into an agreement whereby the respondent agreed to rent that certain property known and described as Number 8 North Twentieth Street, and consisting of all space known as the Metropolitan Hotel above the first floor, and of the hotel lobby on the first floor, to the complainant for a term of years to expire on the 30th day of September, 1943, at and for a rental of two Hundred ten dollars and no/100 ($210.00) per month payable on the first day of each month on said term in advance, plus an additional sum of twenty per cent (20%) of the complainant's gross receipts of room rent at such hotel in excess of one Thousand and Fifty dollars ($1,050.00) per month, and it was orally agreed at that time and place that the respondent and the complainant jointly would execute a formal written lease upon a standard rental contract form upon the expiration or termination of the right of appeal in a certain cause theretofore pending in the Municipal Court of the City of Birmingham, Third Division, Judge Thomas R. Lea presiding, wherein the respondent to this bill of complaint was proceeding in an unlawful detainer proceeding for the possession of said hotel and wherein judgment had already been rendered by said Municipal Court in favor of said respondent, but in which the right of appeal which could be taken within five days from the date of rendition of said judgment had not yet expired at the time of making of the agreement hereinbefore recited between the parties to this bill of complaint, and in consideration of the aforesaid agreement the complainant in this bill of complaint and the respondent to this bill of complaint, did then and there execute a day to day lease with the mutual agreement between the parties that the day to day lease would be terminated at the time of the execution of the lease in accordance with the aforesaid agreement and not before."

The complainant was in possession, having paid rentals claimed by the bill. The enforcement of parol agreement is extension of the rent contract. The respondent by resorting to the law court embarrassed or affected, as it were, complainant's possession of the properties in question, and changed its possession or rendered less advantageous the effort of complainant in establishing his parol agreement for the execution of the lease of the hotel.

The several orders and judgment were proper to maintain the status quo and make possible an expeditious decree on the material facts under the original status that entered into and determined the alleged parol agreement for the lease for the term in question.

We are of the opinion and hold that the order or orders of the trial court are free from error and that its judgment should be and is hereby affirmed.

Affirmed.

ANDERSON, C.J., and BROWN and KNIGHT, JJ., concur.