248

44 So.2d 254

**PATTON et ux. v. ROBISON et ux.**

8 Div. 433.

Supreme Court of Alabama.

Feb. 2, 1950.

Russell W. Lynne, of Decatur, for appellants.

Ben L. Britnell and Marvin M. Eubanks, of Decatur, for appellees.

LAWSON, Justice.

This bill was filed in the Morgan County Court, in equity, by Charlie Patton and wife, Minerva Patton, against Jessie Robison and wife, Ada Robison. The Complainant Minerva Patton is the daughter of the respondents.

The bill sought specific performance of a contract to convey a house and lot situate in the city of Decatur and an injunction to restrain the respondents from proceeding with an action to secure possession of the said house and lot.

A temporary injunction was granted, upon bond being made, respondents moved to discharge and to dissolve the injunction. They also filed their sworn answer and demurred to the bill.

The trial court sustained the demurrer to the bill and *discharged* the injunction. No action was taken on the motion to dissolve the injunction. From the decree sustaining demurrer to the bill and discharging the injunction, the complainants have appealed to this court.

We will consider first the assignments of error challenging the correctness of the decree in so far as the demurrer to the bill was sustained.

The decree sustaining the demurrer was general and therefore is to be referred to the grounds of the demurrer going to the bill as a whole. Florence Gin Co. v. City of Florence et al., 226 Ala. 478, 147 So. 417, and cases cited. A demurrer is a single entity, so if any ground of the demurrer going to the bill as a whole is well taken, the decree sustaining the demurrer must be affirmed. Cook v. Cook, 248 Ala. 206, 27 So.2d 255.

The ground of demurrer taking the objection that the bill is without equity was properly overruled. The broad equitable foundation of the bill is specific performance of a contract to convey land. If it be assumed that the agreement for the averred sale and purchase was not reduced to writing, since it is not expressly alleged that it was reduced to

writing, the exception provided in the fifth subdivision of the statute of frauds, § 3, Title 20, Code 1940, is averred to have been complied with by the payment of the purchase money and by putting the complainants (purchasers) into possession. Nelson et al. v. Hammonds, 173 Ala. 14, 55 So. 301; Adams v. Adams, 235 Ala. 27, 176 So. 825; Cox v. Lerman et al., 233 Ala. 58, 169 So. 724; Penney v. Norton, 202 Ala. 690, 81 So. 666; Miller v. Glenn, 208 Ala. 265, 93 So. 898. The general demurrer, "There is no equity in the bill," does not raise the objection that the bill fails to offer to do equity. Henderson Baker Lumber Co. v. Headley et al., 247 Ala. 681, 26 So.2d 81. In the case last cited it was said: "Of course, Headley should allege in his cross-bill an offer to do equity by the payment of any sum found to be due, if in fact it be ascertained that the full purchase price had not been paid. We find, however, no ground of demurrer taking that point." 247 Ala. 688, 26 So.2d 88. An examination of the original transcript in that case discloses that the first ground of the demurrer interposed to the cross-bill was "that there is no equity in the cross-bill." In the instant case there is no ground of demurrer specifically taking the point that the complainant failed to do equity.

■■ In suits for the specific performance of a contract to convey land, there is a presumption that complainant has suffered injury for which there is no adequate remedy at law. Hence, it is not necessary for complainant to make any averment showing the inadequacy of his legal remedy, that being apparent from the nature of the subject matter. 58 C.J. § 497, pp. 1168–1169; 49 Am.Jur., pp. 107 and 186.

The bill sufficiently alleges the terms of the contract and avers that all payments due by the purchasers have been made. Penney v. Norton, supra.

We have considered above all of the grounds of demurrer going to the bill as a whole. None of them are well taken. We hold, therefore, that the trial court erred in sustaining demurrer to the bill of complaint.

■ We come now to consider the action of the trial court in discharging the temporary injunction. An appeal now lies to this court from an order discharging an injunction, as well as from one dissolving an injunction. § 757, Title 7, Code 1940.

■ The jurisdiction of the Morgan County Court to issue writs of injunction is not questioned. Act No. 66, approved July 7, 1947, Local Acts 1947, p. 46.

■ The distinction between the dissolution and the discharge of an injunction is well recognized by a long line of decisions of this court. Jones v. Ewing, 56 Ala. 360; East & West R. Co. of Alabama et al. v. East Tennessee, Va., & Ga. R. Co., 75 Ala. 275; Ex parte Sayre, 95 Ala. 288, 11 So. 378; Ex parte Fechheimer, 103 Ala. 154, 15 So. 647; Woodward v. State, 173 Ala. 7, 55 So. 506; Acker v. Green et al., 216 Ala. 445, 113 So. 411; Barnett v. State ex rel. Simpson, 235 Ala. 326, 179 So. 208; Rochell v. City of Florence, 236 Ala. 313, 182 So. 50; Grooms v. Brown-Marx Co., 236 Ala. 655, 184 So. 698; Sellers v. Valenzuela, 249 Ala. 620, 32 So. 2d 520; Riley et al. v. Bradley, 252 Ala. 282, 41 So.2d 641. The rule laid down by the above-cited cases is to the effect that a motion to dissolve an injunction touches the equity of the bill, while a motion to discharge reaches irregularities in the mode of granting or issuing the writ, or as expressed in some of the cases, where the writ is "improvidently" granted.

Appellees' main insistence in support of the trial court's action in discharging the injunction is that the writ was "improvidently" issued in that it does not appear from the bill that any possessory action had been instituted by respondents against complainants at the time the writ of injunction was issued.

■ Such an objection goes to the equity of the bill and cannot be reached by motion to discharge.

But even if it be assumed that such an objection could be reached by a motion to discharge, we cannot agree that the writ should have been discharged on that ground.

The bill alleges that prior to the institution of this proceeding the respondents caused to be served upon the complainants by a deputy sheriff of Morgan County a notice, which is made an exhibit to the bill, and which reads as follows:

"Exhibit 1.
"January 7, 1948.
"To: Minerva Patton and Charlie Hays Patton
111 Ninth Avenue West,
Decatur, Alabama.

"You are hereby notified that your tenancy of the housing accommodation rented by you from me, under and by virtue of a rent sale contract which you breached, and said housing accommodation being known as and located at 111 Ninth Avenue West, Decatur, Alabama, is hereby terminated and that you are required to deliver possession of said housing accommodation to me within the time required by law.

"Your removal or eviction is sought, and hereby demanded on the ground that you owe past due installments of rent in the amount of $270.00 for period beginning October 1, 1946 and ending December 31st, 1947. Your legal rent is $5.00 per week.

"This is an official notice from the landlord that your tenancy of said housing accommodation is hereby terminated and that any and all of your possessory rights in or to this property has expired and are now specifically terminated.

"You will take notice that this is a ten days notice to vacate the above described dwelling given by the landlord in compliance with the laws of the State of Alabama and of the United States of America.

"This notice is signed in duplicate.

"This the 8 day of January, 1948.
"/s/ Jessie Robison
/s/ Ada Robison,
Landlords.

"Served upon Minerva Patton and Charlie Hays Patton this the 8 day of January, 1948."

It is obvious that the said notice was filed in accordance with the terms and provisions of § 967, Title 7, Code 1940, as a condition precedent to the institution of an action to secure possession of the premises, unless possession be voluntarily surrendered. See Glenn v. Nixon, 248 Ala. 569, 28 So.2d 718.

In City Garage & Sales Co. v. Ballenger, 214 Ala. 516, 108 So. 257, it appears that appellant filed its bill in equity to enjoin the prosecution of a suit in unlawful detainer and for specific performance of an option to renew a lease. From a decree dismissing the bill, appeal was taken to this court. We held in part as follows: "This feature of the lease is executory in character. The tender by the lessee of a renewal lease conforming to the terms of the option, with request for its execution, all the obligations of the lessee having been met, was an exercise of the option, entitling him to specific performance in equity upon refusal of the lessor to execute the renewal lease. *As incident to this relief the lessee was entitled to enjoin a suit by the lessor in unlawful detainer.* Equity, treating that as done which ought to be done, regards the lessee as rightfully holding the possession, and, acquiring jurisdiction for specific performance, proceeds to do complete justice." 214 Ala. 518, 108 So. at page 259. (Emphasis supplied.)

It is true that in the case above quoted from, a complaint had been filed, as well as notice given. This appears from an examination of the original transcript. But we do not think the fact that complaint had been filed is of any material importance. As before pointed out, the notice given in this case was that required by statute as a condition precedent to maintaining an action to recover possession (unlawful detainer or an action in the nature thereof), and we are of the opinion that the bill having equity in so far as it sought specific performance, that it was not "improvident" for the trial court to have issued the injunction restraining the respondents from proceeding further with a possessory action, thereby maintaining the status quo of the parties.

In view of the foregoing, we hold that the trial court erred in sustaining the de-

murrer to the bill of complaint and in discharging the injunction. It results that the decree appealed from is reversed and one is here rendered reinstating the injunction, and the cause is remanded.

Reversed, rendered, and remanded.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.