51 So.2d 534

## LOOP NATIONAL BANK OF MOBILE
### v. COX et al.
### 1 Div. 442.

Supreme Court of Alabama.
March 29, 1951.

Hamiltons & Denniston and John T. Gray, all of Mobile, for appellees.

Vickers & Thornton, of Mobile, for appellant.

STAKELY, Justice.

The questions for decision are (1) whether under the facts in this case a temporary restraining order can be issued under § 1054, Title 7, Code of 1940 without bond and (2) whether there is sufficient equity in the bill filed in this cause to justify the issuance of a temporary restraining order.

Don N. Cox and Dorothy A. Cox (appellees) filed their bill in equity seeking as owners of certain real estate located at Mobile, Alabama, upon which certain improvements had been undertaken, for a declaration of the rights and liabilities, if any, existing between themselves and the Loop National Bank of Mobile (appellant), the holder of a promissory note purporting to be secured by a mortgage on the real estate and various holders of alleged materialman's liens on the real estate.

Subsequently Don N. Cox and Dorothy A. Cox filed an amendment to their bill supported by sworn affidavit seeking an injunction pendente lite against foreclosure of the alleged mortgage and seeking further relief against the mortgagee in the event foreclosure was not restrained pendente lite. At the same time the appellees filed a motion to set the cause for hearing on the application for injunction.

Thereafter the motion for a temporary restraining order was heard and submitted on the sworn allegations of the bill of complaint as amended. Oral arguments of the solicitors for both appellees and appellant were heard by the court. An injunction was issued temporarily restraining appellant from making any foreclosure sale under the mortgage. No bond was required. Whereupon this appeal was taken.

The bill of complaint alleges in substance the following. Don N. Cox and Dorothy A. Cox entered into a contract, a copy of which is attached to and made a part of the bill, on or about November 30, 1949 with Wayne E. Banks. Under the terms of the contract Wayne E. Banks agreed to build a house and garage on the property of Don N. Cox and Dorothy A. Cox for 110 percent of the cost of labor and materials not to exceed $7,500.00. The real property is located in the City of Mobile, Alabama.

Wayne E. Banks undertook construction of the improvements but thereafter abandoned the contract on or about June 17, 1950. At the time the contract was made Don N. Cox and Dorothy A. Cox paid Wayne E. Banks $2,000.00 in cash and since abandonment of the contract by Wayne E. Banks have expended or become obligated for labor and materials to complete the improvements in the sum of towit $2,577.86, leaving an alleged unpaid balance of $2,922.41. Materialmen's liens are asserted by Jack C. Galallee and Frank A. Bailey Lumber Co. for $230.14 and $764.35, respectively, both of whom were made respondents to the bill.

Loop National Bank of Mobile claims of Don N. Cox and Dorothy A. Cox the sum of $4,000.00 with interest by virtue of an alleged promissory note dated January 11, 1950 and which was tendered to Wayne E. Banks, undated, with the mutual understanding and condition precedent that the note would not be used or negotiated until the construction of the dwelling and garage had substantially progressed and in no event until Don N. Cox and Dorothy A. Cox were further consulted. Contrary to the aforesaid understanding and condition precedent Wayne E. Banks on February 28, 1950 endorsed the note and purported to transfer the same to Loop National Bank. At the same time and as a part of the same transaction Wayne E. Banks purported to transfer to Loop National Bank an alleged mortgage on the property of Don N. Cox and Dorothy A. Cox securing the note. The aforesaid note and mortgage were a part of one transaction to finance the construction of the house and the garage and this fact was known to Loop National Bank at the time it took the note and mortgage from Wayne E. Banks. At the time of the purported transfer, to the knowledge of the Loop National Bank, the mortgage had neither been witnessed nor had it been acknowledged by either Don N. Cox or Dorothy A. Cox before an officer authorized to take acknowledgments. Notwithstanding these facts Loop National Bank accepted the purported transfer of the note and purported assignment of the alleged mortgage without inquiry of or notice to Don N. Cox and Dorothy A. Cox. With the knowledge of the Loop National Bank the acknowledgments on the alleged mortgage were signed by a notary public in the ab-

sence of and without the will of either Don N. Cox or Dorothy A. Cox.

On February 28, 1950, Wayne E. Banks endorsed the note and deposited it to an account which he carried with the Loop National Bank in the name of W. Edward Banks and his account was credited with the sum of $4,000.00, the amount of the note. The note matured on May 12, 1950, and during the interim of the deposit and the maturity of the note the aforesaid account with the Loop National Bank was never exhausted and at all times had a balance of not less than $1688.06, so that the Loop National Bank paid out before maturity not the full amount of $4,000.00 but only the sum of $2311.94.

The amendment to the bill alleges that subsequent to the filing of the bill but prior to service of summons, Loop National Bank published the first advertisement of a foreclosure sale to be held on November 27, 1950 under the purported authority of the power of sale contained in the alleged mortgage, that the fair and reasonable market value of the property as of the date of filing of the amendment was not less than $10,000.00, that Don N. Cox and Dorothy A. Cox were the fee simple owners of the property free from all liens or incumbrances except those mentioned in the bill as amended, that the property was insured for $8,000.00 against all common and usual risks by a reliable insurance company, that a bona fide dispute and controversy existed with respect to the amount of the indebtedness owing to Loop National Bank and as to whether Don N. Cox and Dorothy A. Cox had executed a valid conveyance or mortgage and that Don N. Cox and Dorothy A. Cox offered to do equity and to pay the Loop National Bank such amount as the court may find to be due and owing by Don N. Cox and Dorothy A. Cox to the Loop National Bank. Don N. Cox and Dorothy A. Cox then prayed the court to enjoin or restrain the Loop National Bank from foreclosure of the mortgage until final determination of the cause and for such other and further and different orders as might be necessary to preserve the dignity of and prevent pendente lite the impairment of the just exercise of the inherent right of the court to protect and enforce its jurisdiction over the entire subject matter of the litigation. Don N. Cox and Dorothy A. Cox further prayed that if the Loop National Bank was not so restrained from foreclosure, the court would on final hearing of the cause set aside such foreclosure and allow Don N. Cox and Dorothy A. Cox to remain in possession of the property and pay in discharge of any indebtedness owing the Loop National Bank such sum as might be found proper by the court.

As stated the court heard the case which was submitted on the motion for a temporary restraining order and on the sworn allegations of the bill of complaint as amended and entered the following order.

"Now, Therefore, in order to prevent, pendente lite, the impairment of the just exercise of the inherent right of this Court to protect and enforce its jurisdiction over the entire subject matter of this litigation, it is ordered, adjudged and decreed that respondent, Loop National Bank of Mobile, be and hereby is temporarily restrained, pending a final decree in this cause, from consummating any sale or purported sale of the real property described in the Bill of Complaint as amended pursuant to the powers of sale contained in the mortgage hereinabove described."

Pursuant to the foregoing decree the register issued an injunction without bond, which was served on Loop National Bank. With the case and record in this condition, Loop National Bank took this appeal.

I. The requirement for bond in connection with the issuance of injunction is set out in §§ 1041, 1042, 1043 and 1056, Title 7, Code of 1940. Equity Rule 96, as it appears in Title 7, Appendix, Code of 1940, at page 1117 provides: "Chapter 28 of Title 7, section 1038 et seq., is hereby adopted as a part of these rules."

In Ex parte Miller, 129 Ala. 130, 30 So. 611, 612, 87 Am.St.Rep. 49, this court said: "In this state it is provided that injunctions can be issued alone, upon the execution of bonds, such as are prescribed by the statute. Section 786 of the Code provides, that no injunction must issue

to stay proceedings after judgment in a personal action until the party applying for it gives bond and security as prescribed. Section 787 directs, that no injunction must issue to stay proceedings at law for the recovery of land, unless the party give bond and security as provided; and section 788 requires, that in other cases,—than those specified above,— the party must give bond with surety in such sum as the officer granting the injunction directs, payable and conditioned as prescribed. These sections cover any and every case that may arise for an injunction. To issue one without the bond prescribed, would be irregular. * * *"

In the case of Morris v. Sartain, 224 Ala. 318, 140 So. 373, an application was made for a temporary restraining order. The temporary restraining order was issued but without bond. This court held (citing the statute), that the action of the court in failing to require a bond was error. The principle laid down in Morris v. Sartain, supra, was followed by this court in Grooms v. Brown-Marx Co., 236 Ala. 655, 184 So. 698, and in Taylor v. Federal Land Bank, 238 Ala. 366, 191 So. 211.

It is insisted by the appellee, however, that the foregoing cases do not deal with the exercise of the inherent jurisdiction of a court of equity but only with the statutory authority of the court and that a court of equity has the inherent power to issue a restraining order without bond to prevent the impairment of the exercise of the court's jurisdiction or the enforcement of its orders. In support of this position, reference is made to certain statements made by the court in Grooms v. Brown-Marx Co., supra.

While the principle of inherent power was referred to in this last mentioned case, it was not held that the court could issue a restraining order without bond. It does not appear that the authorities of other jurisdictions, referred to in the opinion, had any effect on the decision in that case or were held to give an Alabama equity court power beyond the Alabama statutes. In view of the language of the statute as contained in Section 1043 that,

"In other cases, the party must give bond with surety," and the effect of this language as stated in Ex parte Miller, supra, and the foregoing authorities, there is no ground for the issuance of a temporary restraining order without requirement of bond. In considering the question presented, we have pretermitted inquiry as to whether foreclosure under the power of sale would impair the exercise of the court's jurisdiction. See Carroll v. Henderson, 191 Ala. 248, 68 So. 1; McDermott v. Halliburton, 219 Ala. 659, 123 So. 207. The court was in error in issuing the temporary restraining order in this suit without requirement of bond.

II. "A bill without equity will not support an injunction of any character under any circumstances." Pearson v. Duncan & Son, 198 Ala. 25, 73 So. 406, 408, 3 A.L.R. 242. And it is further true that "the bill must be determined as to its equity, 'upon the averments contained in it, unaided by construction and unamplified by assumed amendment.' The complainant is the actor, and he must present a case entitling him to injunctive relief, or it will be denied. He can be aided by 'no rule of favor, like that of assumed amendment, to his initial pleading.'" Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566, 570. But for purposes of granting a preliminary injunction, "The bill will be sufficient if, on any state of proof which its allegations justify, the court can, in the reasonable exercise of judicial discretion grant injunction." 28 Am.Jur. p. 456.

The bill of complainant is described as a bill in the nature of interpleader. We will, however, consider the nature and sufficiency of the bill from its allegations and not by a name which the pleader may give to the bill. A bill has equity where the owner of real estate submits himself to the jurisdiction of the court to ascertain the validity of a mortgage claimed to exist thereon and offers to do equity and to pay such amount, if any, as the court may ascertain and decree to be due on the debt. In this situation the court has the discretion to enjoin foreclosure of the mort-

gage pending final determination of the cause. Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782; Union Central Life Ins. Co. v. Thompson, 229 Ala. 433, 157 So. 852; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Brown v. Bell, 206 Ala. 182, 89 So. 659; McDermott v. Halliburton, 219 Ala. 659, 123 So. 207.

While the bill seeks an adjudication of other matters as for example the rights of the parties in and to an alleged unpaid balance due by the owners, it is not necessary to consider the equity of the bill as to such other matters at the present time. The present bill is sufficient for the reasons given to support the issuance of the injunction.

For the error indicated the decree of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.