## Case No. 17,517.

### WHIPPLE v. HUTCHINSON.

[4 Blatchf. 190.] [1]

Circuit Court, N. D. New York.  Aug. 21, 1858.

CONTEMPT—VIOLATION OF INJUNCTION—REQUISITES OF INJUNCTION—INFRINGEMENT OF PATENTS—COSTS.

1. Where, on a motion for an attachment for the violation of an injunction, the question as to whether the writ was, or was not, served on the defendant, is left in doubt, the motion will be denied.

2. The writ of injunction ought, as a general rule, to contain a concise description of the particular acts or things in respect to which the party is enjoined, and ought not merely to refer to the bill of complaint for the description of the thing enjoined. Otherwise, it cannot be the foundation for an attachment against

[1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

any person, except, perhaps, a defendant who has been served with the bill.
  [Cited in Re Cary, 10 Fed. 626; St. Louis Mining & Milling Co. v. Montana Min. Co., 58 Fed. 132.]

3. On a motion for an attachment for the violation of an injunction to restrain the infringement of letters patent, affidavits to show that the patentee was not the first and original inventor of the thing patented, are immaterial and irrelevant.
  [Cited in Bate Refrigerating Co. v. Gillett, 30 Fed. 685.]

4. Such affidavits are immaterial and irrelevant, also, where the defendant is constructing the patented article by agreement, under the patent.

5. Where the injunction has been violated, and the defendant is protected from the consequences only by·a defect in the service of the writ, no costs will be allowed to him, on a denial of a motion for an attachment for such violation.

[6. Cited in U. S. v. Anon., 21 Fed. 767, with numerous other cases, to the point that there is no rule in a court of equity that the answer of the respondent to interrogatories should be taken as true, and he be discharged, if he denies the contempt.]

This was a motion [by Squire Whipple] for an attachment for the violation of an injunction. The injunction restrained the defendant [John Hutchinson] from constructing iron bridges according to letters patent which secured the exclusive right to the plaintiff. It was alleged, that the injunction had been served on the 23d of March, 1858. The violation complained of related to a bridge over the Erie Canal, at the city of Syracuse, and·two other bridges at the village of Pittsford.

NELSON, Circuit Justice. The affidavits on behalf of the plaintiff fully establish the breach of the injunction, and, had they not been met and answered, I should have felt bound to grant the attachment. But, on looking into the ·opposing affidavits, I find satisfactory explanations of the alleged breaches.

The first answer goes to the several breaches, as charged. The second to the breach in respect to the bridges at Pittsford. The first turns upon the service of the writ of injunction. The affidavit of the defendant denies, in express and positive terms, this service, and avers that the only paper served was a copy of the order of the court granting an injunction. There is, undoubtedly, some misapprehension, either on the part of the person making the service, or of the defendant; but, in a proceeding of this kind, so penal in its character and consequences, the service of the writ claimed to have been disregarded should not be left in doubt. It was also urged, on behalf of the defendant, that, if the injunction had been duly served, this motion for an attachment must have failed, on account of a defect in the description of the thing enjoined, as set forth in the writ. I think the objection would have been fatal, as it respected every other person con-

cerned in the violation, except the defendant himself. The writ refers to the bill of complaint, for the description of the thing enjoined, and, as that had been already served on the defendant, he, perhaps, would have been chargeable with notice of it; but, as to all other persons, this reason would not apply. The writ, as a general rule, ought to contain a concise description of the particular acts, or things, in respect to which the party is enjoined, so that there may be no misapprehension on the subject.

The second answer to the motion is in respect to the two bridges at Pittsford. As concerns these, the affidavits on the part of the defendant show that the patent fee has been paid, according to the agreement between the parties. Both the defendant and Filkins prove this fact, and that the plaintiff agreed to give a receipt for the payment.

Affidavits are produced, tending to show that the plaintiff was not the first and original inventor of the thing patented, with a view to affect this motion. But these affidavits are immaterial and irrelevant. That question was settled, so far as the injunction is concerned, when the writ was granted; and, besides. the defendant is constructing bridges by agreement, under the patent.

The same may be said as to the action of the canal board. That took place, adopting a previous proposition of the plaintiff, as late as the 17th of April, 1858. This was after the infringement charged in the bill, and after the allowance of the injunction.

My conclusion, upon the whole, is, that the motion for the attachment must be denied. But, as I am of opinion that the completion of the bridge at Syracuse was a violation of the injunction, and that the defendant is protected from the consequences only by the defect in the service of the writ, I shall allow no costs to him.

The motion is denied. without costs.