(103 So. 649)

**CROSSFIELD v. LOKEY. (7 Div. 560.)**

(Supreme Court of Alabama. April 9, 1925.)

1. Contracts ☞117(2)—Covenant not to engage in similar business in a certain territory for a specified time will be upheld.

Where one sells his business and good will to another, covenant by which he agrees not to engage in a similar business for himself or another in a certain territory and for a specified time will be upheld.

2. Contracts ☞202(2)—Contract held to cover right of defendant to work for plaintiffs' competitor in any capacity; "engage."

Contract, by which defendant on sale of his business agreed to refrain from "engaging" in such business for a definite period, either directly or indirectly, either for himself or working for others, *held* to cover right of defendant to work for plaintiffs' competitor in any capacity; "engage" meaning serving or working for another whether as manager or subordinate (citing Words and Phrases, Second Series, "Engage").

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill in equity by C. K. Crossfield against V. C. Lokey for injunction to restrain respondent from engaging in business in competition with complainant, in violation of a contract of sale between the parties. From a decree dismissing the bill, complainant appeals. Reversed, rendered, and remanded.

Goodhue & Lusk, of Gadsden, for appellant.

Contracts of this character will be upheld and the breach thereof enjoined. 32 C. J. 218; 13 C. J. 468; 6 R. C. L. 793; Harris v. Theus, 149 Ala. 133, 43 So. 131, 10 L. R. A. (N. S.) 204, 123 Am. St. Rep. 17; Saxon v. Parson, 206 Ala. 491, 90 So. 904. The contract was breached by respondent in working for another engaged in the business in question. 32 C. J. 463; Flaherty v. Libby, 108 Me. 377, 81 A. 166; Finger v. Hahn, 42 N. J. Eq. 606, 8 A. 654; Emery v. Bradley, 88 Me. 357, 34 A. 167; Empson v. Bissinger, 8 Ohio Dec. 629; Meyer v. Labau, 51 La. Ann. 1726, 26 So. 463; Standard Slide Corp. v. Appel, 190 App. Div. 799, 180 N. Y. S. 431; Bab-

cock v. Clear, 63 Hun, 628, 17 N. Y. S. 664; Jones v. Heavens, 25 Wkly. Rep. 460.

Dortch, Allen & Dortch, of Gadsden, for appellee.

The contract provided only against respondent's engaging in business for himself or as manager for another. Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191; Knowles v. Jones, 182 Ala. 187, 62 So. 514. Contracts in restraint of trade, broader than necessary to protect the purchaser, are void. 6 R. C. L. 788, 791; Tuscaloosa Co. v. Williams. 127 Ala. 118, 28 So. 669, 50 L. R. A. 175, 85 Am. St. Rep. 125; Amer. Laundry Co. v. E. & W. Co., 199 Ala. 159, 74 So. 58; 13 C. J. 475; Amer. B. Co. v. Pungs, 141 F. 926, 73 C. C. A. 157; McCurry v. Gibson, 108 Ala. 451, 18 So. 806, 54 Am. St. Rep. 177; Herreshoff v. Boutineau, 17 R. I. 3, 19 A. 712, 8 L. R. A. 469, 33 Am. St. Rep. 854.

ANDERSON, C. J. [1, 2] It is undoubtedly the law, in this country and in England, that contracts in general restraint of trade are void as against public policy; but contracts, like the one here involved, where one sells his business and good will to another and covenants not to engage in a similar business for himself or another in a certain territory and for a specified time, have been repeatedly upheld by the courts and have been enforced by the restraining effect of injunctive process. Harris v. Theus, 149 Ala. 133, 43 So. 131, 123 Am. St. Rep. 17, 10 L. R. A. (N. S.) 204; Saxon v. Parson, 206 Ala. 491, 90 So. 904; Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191. Indeed, the soundness of this proposition is not questioned by the appellee, who justifies the action of the trial court in denying the complainant relief upon the theory that the contract in question does not cover the ordinary employment or work as engaged in by this respondent; that the contract only prohibits him from owning or operating a competing business or from engaging in such business for another as manager or superintendent as distinguished from an ordinary clerk, servant, or laborer. The contract says:

"And the first parties, in consideration of said payment and said promise, do further covenant with said second party that they will refrain from engaging in the manufacture or sale of ice cream, sherbets and ice cream products now handled by said Lokey Ice Cream Company for a period of five years from January 1, 1921, either directly or indirectly, and either in business for themselves or working for other persons, firms or corporations, in the county of Etowah, state of Alabama."

True, the succeeding sentence, expressive of the intent of the parties, uses the word "engaging" in business for themselves or another and does not use the words "work for" as above used; but we do not think this can reasonably be construed as excluding the right of the respondent to serve or work for this complainant's competitor unless he does so as manager or superintendent. The word "engage" is broad in meaning and covers serving or working for another, whether as manager or subordinate. 2 Words and Phrases, Second Series, p. 273. We therefore think, and so hold, that the respondent's answer and the proof show that he is violating the plain letter and intent of the contract and in law and good morals should be restrained from doing so.

We find nothing in the case of Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191, contrary to this holding. The only point there involved and decided was whether or not the covenant by Webb, "not to engage in the livery business in opposition to said T. J. Smith in Pell City," prohibited him from doing so for another, and the court construed the contract as broad enough to prohibit Webb from competing with the complainant, either by himself or while acting for another. Here, we have a contract wherein this respondent expressly obligated himself not to work for another who was a business competitor of the complainant.

The trial court erred in denying complainant relief, and the decree of the circuit court is reversed, one is here rendered awarding relief sought, and the cause is remanded.

Reversed, rendered, and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.