192 So. 55
### SHELTON v. SHELTON.
### 8 Div. 989.

Supreme Court of Alabama.
Nov. 16, 1939.

490

Thos. S. Woodroof, of Athens, for appellant.

W. W. Malone, of Athens, for appellee.

BOULDIN, Justice.

Bill in equity by employer to enjoin a former employee from engaging in a like business within a limited area and time in breach of the terms of a written contract.

The appeal is from a decree overruling demurrers to the bill and a motion to dissolve the temporary injunction.

The bill alleges:

Complainant was engaged in a dry cleaning business in the city of Athens; had built up a successful business in the city, and extending into various parts of Limestone and Lauderdale Counties.

By contract between the parties, made exhibit to the bill, respondent was employed to solicit, call for, and deliver articles to be cleaned or pressed over specified routes, three covering territory outside the city, and one in the city. The employee was given the exclusive right to solicit customers on these routes, was to furnish his own truck, bring in the articles, deliver them back, and collect the charges; was to cover each route twice a week on specified days. His pay was a commission on the gross receipts from the business brought in. If his work was satisfactory to the employer, the contract was to continue for two years beginning March 13, 1939.

The stipulation on which complainant bases his right to injunctive relief reads:

"Seventh: That the said Edward Shelton, party of the second part, covenants and agrees to and with the said Emory Shelton, party of the first part, that, in and for consideration of the party of the first party's act of employing said second party, and for and in consideration of the covenants undertaken by first party, said second party will not, directly or indirectly engage in the business of dry cleaning and/or pressing, whether by himself or agent, or as employer or employee, and will not solicit such business for any other person, firm, or corporation, anywhere in Limestone County, Alabama, or on any of the herein described routes, within a period of three years from the time that the other provisions of this agreement shall cease to be in effect, or binding on the parties of the first and second part."

The bill further avers that the employee entered upon the performance of the contract, and after a few months of diminishing returns, voluntarily quit the employment; and in breach of his contract began working for a competing company, alleged to be doing a cut rate business; that respondent is soliciting business for the rival concern in Athens and other parts of Limestone County, including the routes specified in the contract; that, while working for complainant, respondent obtained the names and addresses of complainant's customers and is using such information to the injury of complainant, who is being damaged in his business in violation of the contract.

Injunctive relief in cases of this character is said to be in the nature of a negative specific performance—not specific performance of the continuing obligations of an executory contract for the

conduct of business operations. These a court of equity will not, as a rule, undertake to supervise. But specific performance of a lawful covenant not to engage in a rival business, readily accomplished by an injunction forbidding a breach of such covenant.

Such covenants are often challenged on grounds of public policy because in restraint of trade, tending to monopoly, and injurious to the public having occasion to patronize the business whether strictly public in character, or a private enterprise.

Throughout our judicial history we have dealt with cases involving this question arising under varying facts. As relates to private business enterprises, a partial restraint of trade by covenants fairly protecting the interests of the covenantee, and not injuriously affecting the public interest in such substantial manner that private rights should yield to the public welfare have been upheld and enforced by injunctive relief. Numerous cases are digested in 5 Alabama Dig., Contracts, pp. 51, 53. See, also, Maddox v. Fuller et al., 233 Ala. 662, 173 So. 12.

■ The contract here involved is not of the class tending to stifle competition. No competitive concern is put out of business. All dry cleaners. whether cutting the rates alleged in the bill to be fair and reasonable or not, are free to engage in business in this territory as before.

The contract forbids this employee taking advantage of the information and contacts growing out of his employment to divert custom from his employer to the injury of his business.

The bill is challenged on the ground, among others, that equity will not interfere to restrain an employee from engaging in his gainful occupation, that opportunity to work at a lawful business and earn a living is a natural right, and contracts denying such right are themselves against public policy.

Sections 6826, 6827, 6828, new to the Code of 1923, constitute a separate article under the chapter on contracts, dealing with contracts in restraint of trade.

Section 6826 reads:

"Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

Section 6827, before amendment, read:

"One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein."

Section 6828 relates to contracts between partners on dissolution.

Justice Mayfield, who later became the Code Commissioner inserting this Article in the Code, wrote the decisions of this Court in Roquemore & Hall v. Mitchell Bros. et al., 167 Ala. 475, 52 So. 423, 140 Am.St.Rep. 52, and in American Laundry Co. v. E. & W. D. C. Co., 199 Ala. 154, 74 So. 58.

What was there said touching contracts for personal service need not be here repeated. Suffice to say, we think the statutes, supra, mean what they say; strike down all contracts defined in section 6826, save the two exceptions incorporated in section 6827 and section 6828.

Contracts protecting the purchaser of the good-will of a business as defined in section 6827 had been upheld in numerous prior decisions. This Section put in statutory form existing law. J. L. Davis, Inc., v. Christopher, 219 Ala. 346, 122 So. 406.

The Act of 1931 (Gen.Acts 1931, p. 647), amends Section 6827 by incorporating therein a further exception, which reads: "and one who hires as an agent, servant, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof * * so long as such employer carries on a like business therein."

Appellant argues that this amendment is not broad enough to cover the case at bar; that to come within the exception the contract must contain a provision whereby the employer agrees "to refrain from carrying or engaging in a similar business and from soliciting old customers of such employer."

■ Paragraph 7 of the instant contract forbids the doing of similar business and the solicitation of such business within the limited zone. It does not mention old customers. We are not impressed it was the purpose of the statute to prescribe a stereotyped form of contract.

■ In its connotation the amendment is closely related to protection of good-will. Broadly speaking it aims at protection of the good-will of a going business, as well as the purchaser of the good-will. So conceived, the contract may stipulate to refrain from engaging in competitive business within the defined area, or from soliciting old customers, one or both. Averments that this respondent, as an employee of another concern, did solicit customers of complainant go to the extent of injury inflicted on complainant's business.

■ It should be steadily borne in mind that a court of equity will not grant injunctive relief in every case within the letter of this statute. For example, if a clerk in a retail grocery store in Athens, should contract with his employer not to engage in like business in Limestone County, and should later set up a grocery store of his own in another town or community in the county, it would not follow that he could be enjoined.

■ Injunction is in much a discretionary remedy to prevent substantial injury where no adequate remedy at law obtains. Inadequacy of legal remedy may arise from inability to prove the extent of injury with the certainty required for a recovery of damages at law, or it may arise in cases of this class from insolvency of respondent, as averred in this bill.

The demurrer further raises the point that the contract is inequitable and unfair in several of its features and that a court of equity should deny specific performance in any respect. Among these provisions is that the employment should continue only so long as the work of the employee is satisfactory to the employer.

■ Under stipulations of this sort dissatisfaction must be in good faith, not arbitrary. The party must be deemed satisfied unless there be a good reason for dissatisfaction. Electric Lighting Co. of Mobile v. Elder Bros., 115 Ala. 138, 21 So. 983; Higgins Mfg. Co. v. Pearson, 146 Ala. 528, 40 So. 579.

The employer was also to fix the schedule of prices for services and could change them at will. This was the natural and orderly way, in the absence of obligations to maintain a fixed schedule. The days upon which the employee should cover his several routes were subject to change by the employer at will, on twenty-four hours notice.

■ There was nothing per se illegal or oppressive in these several provisions incorporated by persons dealing at arms length. The freedom of contract enters into the question of public policy. If so arbitrarily exercised by the employer as to work a hardship on the employee justifying his cancellation of the contract, this was matter of defense. The bill puts the blame for severance of relations all on respondent. If true, these stipulations would not relieve him of the obligation here set up.

The answer sets up certain allegations of fraud in the procurement of the contract, as well as breaches on the part of the employer.

■ The motion to dissolve the temporary injunction was heard on bill and answer and affidavits offered by complainant.

Appellant sought, in lieu of affidavits, to present oral testimony on the day of hearing. On objection of complainant this was denied, and this ruling assigned as error.

Code, § 8311, purporting to define what shall be considered on motion to dissolve, names the bill and answer "and also such affidavits as any party may introduce."

In Nelson et al. v. Hammonds, 173 Ala. 14, 55 So. 301, construing this statute, it was observed that prior thereto affidavits were admissible in special cases to refute the express denials of a sworn answer. In same case it was held oral examinations, taken down in writing, should not be considered unless waived by the opposing party. This has been the prevailing practice, although in several instances oral evidence has been received without objection, and been considered on appeal. Morris v. Sartain et al., 224 Ala. 318, 140 So. 373.

The decree did not make permanent the injunction. The cause stands for trial on the merits.

We find no reversible error in the rulings here for review.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.