32 So.2d 520

**SELLERS v. VALENZUELA.**
1 Div, 281, 281–A.

Supreme Court of Alabama.
Nov. 6, 1947.

See also post, p. 627, 32 So.2d 517.

Vickers, Leigh & Thornton, of Mobile, for appellant.

Frank S. Coffin, of Mobile, for appellee.

LAWSON, Justice.

There are three appeals incorporated in the transcript. First, there is an appeal from an order overruling a motion to discharge a preliminary writ of injunction. Second, there is an appeal from an order overruling a motion to dissolve a preliminary writ of injunction. Third, there is an appeal from an order denying a mandatory injunction.

Mrs. Sellers, the appellant; and Guillermo Valenzuela, appellee, own and occupy adjoining lots situated on the south side of Government Street in the city of Mobile. The lot of Valenzuela is immediately west of that of Mrs. Sellers. Both parties operate tourist homes on their property. There is a driveway leading from Government Street to the rear of the Sellers property, between the houses of these parties, that is, the driveway is west of the house on the Sellers lot and east of the house on the Valenzuela lot. All of these appeals and the issues presented thereby arise as a result of a controversy between appellant and appellee and members of his family as to the exact location and use of this driveway.

The appellant, Mrs. Sellers, was the first to enter the legal arena in so far as this particular driveway is concerned. On October 23, 1946, she filed her bill in the circuit court of Mobile County, in equity, against the appellee, Guillermo Valenzuela, his wife and children, and one Henry E. Adams. This bill sometimes hereinafter will be referred to as the Sellers bill. The purpose of the bill was to have determined the boundary line between the property of appellant and that of appellee and, pending the final hearing and determination of the boundary line, the bill prayed for a temporary injunction restraining the respondents from erecting and constructing a wall or coping on, over or upon any part of the driveway described in the bill, and from interfering in any manner with the use by Mrs. Sellers of said driveway.

On the day that the Sellers bill was filed, Judge Cecil F. Bates, one of the judges of the Mobile Circuit Court, in equity, ordered that a temporary writ of injunction issue according to the prayer of the bill, upon the complainant, Mrs. Sellers, entering into bond in the sum of $500. The bond being executed and approved as required, a writ of injunction was issued on the same day, namely, October 23, 1946, which writ sometimes hereinafter will be referred to as the Sellers injunction. As here pertinent it read: "Now, Therefore, you, the said Conchetta Valenzuela, Adela Valenzuela, *Guillermo Valenzuela,* Fred Valenzuela, Matilda Valenzuela, and Hen-

ry E. Adams, and each of you, your servants, agents, employees, contractors and subcontractors, are *hereby commanded and strictly enjoined from erecting or constructing a wall or coping on, over or upon any part of the driveway or alleyway described in the bill of complaint and from interfering in any manner with the use by complainant° of said driveway or alleyway until further orders of this Court."* (Emphasis supplied.)

Service of the Sellers writ of injunction and the bill of complaint upon which it is predicated was made on October 23, 1946, upon all of the parties named in the writ except "Conchetta" Valenzuela, who was "not found."

■ The Sellers writ of injunction did not attempt to describe the driveway which it purported to cover other than by reference to the bill of complaint. Injunction writs should be clear and specific. In re Willis et al., 242 Ala. 284, 5 So.2d 716. Such a writ as a general rule ought to contain a concise description of the particular acts, things, or property which is within its restraining influence so that there may be no misapprehension on the subject. However, a writ is not too vague or uncertain when it refers to the bill of complaint for the description of the property involved, as was done here, when the parties sought to be enjoined are served with a copy of the bill of complaint as well as with a copy of the writ of injunction. Whipple v. Hutchinson, C.C.N.Y., 29 Fed. Cas. page 938, No. 17,517, 4 Blatchf. 190.

We must look, therefore, to the bill of complaint filed by Mrs. Sellers to determine the location of the driveway. The property of Mrs. Sellers was described therein by metes and bounds. It appears therefrom to be located on the south side of Government Street. The Sellers bill does not describe the Valenzuela lot by metes and bounds, but avers that such property is "also situate on the south side of Government Street in the City and County of Mobile, State of Alabama, and lying and being *east* of and adjacent to the above described property belonging as aforesaid to your complainant." (Emphasis supplied.) As to the said driveway, the Sellers bill

averred "that between the property of complainant [Sellers] and the above-named respondents [Valenzuela], and along the *eastern* boundary of complainant's [Sellers] property, lies an alleyway or automobile driveway situate entirely or partly on the property to which complainant owns record title and which serves complainant's said property as a means of ingress and egress to and from the rear of the same and which, for more than 25 years next preceding the filing of this suit, has been in the possession of and used exclusively by complainant and her predecessors in title under claim of ownership for the purpose of affording means of ingress and egress to and from the rear of her said property." (Emphasis supplied.) So it appears from the bill of complaint (1) that Mrs. Sellers and the Valenzuelas own and occupy adjacent lots on the south side of Government Street in the city of Mobile; (2) that between these lots is located a driveway; (3) that the Valenzuela lot is *east* of the Sellers lot and the said driveway lies along the *eastern* boundary of the Sellers property situated entirely or partly thereon.

But the Valenzuela property is not east of the Sellers property. It is immediately west thereof. The driveway does not lie along the eastern boundary of the Sellers property, but along its western boundary. The error in describing the Valenzuela lot as lying east of complainant's lot and in placing the driveway on the eastern boundary of complainant's lot has resulted in the litigation from which the appeals here considered were taken.

On November 19, 1946, while the Sellers injunction above referred to was in effect, and before any of the parties therein sought to be enjoined had taken any legal steps to have said writ of injunction discharged or dissolved, Guillermo Valenzuela, one of those named in the said Sellers injunction, filed in the circuit court of Mobile County, in equity, what appears to be a statutory proceeding in rem to quiet title (hereinafter sometimes referred to as the Valenzuela bill) making Mrs. Sellers a party respondent. §§ 1116–1132, Title 7, Code 1940.

The property, title to which is sought to be quieted in the Valenzuela proceeding, is shown by the bill to be situated on the south side of Government Street in the city of Mobile. It is described by metes and bounds. As to such property the bill alleges that Guillermo Valenzuela is in the actual, peaceable, and open possession of it, under and by virtue of a deed made and executed by his daughter, Conchita Valenzuela, on February 24, 1933, but which deed was not recorded until November 19, 1946 (the day the Valenzuela bill was filed). Among other things, the said Valenzuela bill to quiet title alleges that "there is no suit pending to test his [Guillermo Valenzuela's] title to, interest in, or right to possession of said aforesaid, described property"; that Mrs. Eleanor B. Sellers is the owner and in possession of certain real property located in the city of Mobile, which is described by metes and bounds and which it is averred lies immediately east of the previously described Valenzuela property. The said Valenzuela bill then alleges in substance that immediately west of the Sellers house and located entirely on the Sellers property is a narrow driveway, into which extends a "pair of steps" leading from the west side of the Sellers house; that there is "an open space or passageway two feet and eight inches in width" solely on the Valenzuela property between the Valenzuela house and the western boundary of the driveway on the Sellers property; that because of the presence of the steps and the narrowness of the driveway, the drivers of the numerous motor vehicles which use the Sellers driveway, when they reach the point where the steps extend into said driveway, swerve, veer or turn to the right of said steps to avoid hitting them and as a result such vehicles go over or upon the said passageway located on the Valenzuela lot between the Sellers driveway and the Valenzuela house. It is further alleged in the Valenzuela bill as follows: "Said driving over, on and upon the said property of the complainant as immediately above described having gone on and been carried on to the extent that the down-spout or drain pipe from the roof of complainant's house, and attached to the side of complainant's house, has been run into, broken down and destroyed, causing all the drain water from the roof of complainant's house to flow over and wash away complainant's property unrestrained and uncontrolled; Also by the aforesaid trespass upon and over the complainant's property, the aforesaid storm-sewer or underground drain pipe on complainant's property has been broken through and destroyed, and a large and dangerous cavity left open and unprotected on his said property, said large and dangerous cavity being in close proximity to the east wall of complainant's home, causing a still further dangerous condition to exist in that complainant's home is a large and heavy constructed building of stone and is likely or could be caused to settle due to the facts that all the drain or down-spout is broken away from the house and destroyed and the storm sewer or drain broken in, leaving all drain water to flow in and about and under said house softening the foundation thereunder to become water-soaked and unsafe, and to the end of causing great damage to said property and expensive repairs as a proximate result thereof. Complainant further alleges that the immediately aforementioned and complained of conditions have become and have been created into a permanent nuisance to the complainant in the use, protection, enjoyment and pleasure of his property and have been brought about, maintained, caused and still at present time allowed to exist and be such permanent nuisance, by the respondent, her agents, servants, employees, contractors, visitors, clients or guests by the wrongful use of said aforementioned driveway and trespass upon the property of the complainant."

As here pertinent the Valenzuela bill prayed: (1) That upon a final hearing title to the property be quieted; (2) "that pending the final hearing of this cause Your Honors will grant unto him [Guillermo Valenzuela] a writ of injunction to be directed to the respondent Eleanor B. Sellers, her attorneys, agents, servants, employees, contractors, subcontractors, guests, or visitors from interfering with directly

or indirectly the complainant, his agents, employees, servants, contractors, subcontractors, or other persons on behalf of the complainant, constructing concrete, brick, or other paving on the property of the complainant as described in the bill of complaint, erecting, walls, coping, markers in, along and upon the eastern boundary line of complainant's property described in his bill of complaint; trespassing, in, on, over and/or upon any of the property of the complainant as described in his bill of complaint; or in any manner interfering with, the enjoyment use, occupation and pleasure of his premises as described in his bill of complaint until further orders of this Honorable Court."

On November 19, 1946, the day on which the Valenzuela bill was filed, Judge Cecil F. Bates, the same judge who had ordered that the Sellers injunction issue, ordered that a temporary writ of injunction issue according to the prayer of the Valenzuela bill, upon Valenzuela entering into bond in the sum of $500. The bond was executed and approved as required and on the same day, November 19, 1946, the register of the circuit court of Mobile County issued a writ of injunction (which sometimes hereinafter will be referred to as the Valenzuela injunction), in pertinent part as follows: "Now, Therefore, You the said Eleanor B. Sellers, your attorneys, agents, servants, employees, contractors, subcontractors, guests or visitors are hereby commanded and strictly enjoined from interfering with directly or indirectly the complainant, his agents, employees, servants, contractors, subcontractors or other persons on behalf of the complainant, constructing concrete, brick or other paving on the property of the complainant as described in his bill of complaint, erecting walls, coping, markers in, along and upon the eastern boundary line of the complainant's property as described in his bill of complaint; trespassing in, on, over and/or upon any of the property of the complainant as described in his bill of complaint; or in any manner interfering with the said complainant in the enjoyment, use, occupation and pleasure of his premises as described in his bill of complaint,

until further orders of this Honorable Court."

Service of the Valenzuela writ of injunction was had on Eleanor B. Sellers on November 20, 1946. On the following day, November 21, 1946, Mrs. Sellers filed a motion to discharge the said Valenzuela injunction, which motion was set down for hearing on November 26, 1946. The basis of the motion to discharge was that the said Valenzuela writ of injunction had been improvidently issued for the reason that it amounted to an injunction against an injunction in that the Sellers injunction was still in force and effect and "enjoined the Plaintiff in this cause [Guillermo Valenzuela], and others, from, among other things, erecting or constructing a wall or coping on, over or upon any part of the driveway or alleyway running over, along or upon the *eastern* boundary of the property, described in the bill of complaint in this cause and therein alleged to be the property of Guillermo Valenzuela, and from interfering in any manner with the use of said driveway or alleyway." (Emphasis supplied.) By reference the records in the case of Sellers v. Valenzuela et al., Ala.Sup., 32 So.2d 517[1] were incorporated into the motion to discharge, including an amendment which Mrs. Sellers filed to her complaint on November 21, 1946, the same day on which the motion to discharge was filed. The said amendment had the effect of correcting the errors of description contained in the original Sellers bill, that is, the driveway, the subject of the controversy between these parties, is shown by the amendment to be located on the western boundary of the Sellers property rather than on the eastern boundary, and the Valenzuela property is shown to be west of the Sellers lot rather than east thereof.

■ It seems to be admitted that an injunction against an injunction, sometimes referred to as a counter-injunction, should not be issued. But at the time Judge Bates granted the injunction in the Valenzuela case, we do not think it amounted to a counter-injunction in that it related to a driveway described as being located on the western boundary of the Sellers property,

---

[1] Post, p. 627.

whereas the injunction issued in the Sellers case affected a driveway situate on the eastern boundary of the Sellers property. While the property of Mrs. Sellers was described in her original bill by metes and bounds, no such description as to the Valenzuela property was incorporated in the original Sellers bill. Consequently other averments of the bill had to be resorted to to determine the location of the Valenzuela property in respect to that of Mrs. Sellers. As before indicated, in the original Sellers bill the Valenzuela property was described as being east of that of Mrs. Sellers and the driveway as being on the eastern boundary of the Sellers property. Counsel for Mrs. Sellers contends that the words "east" and "eastern boundary" as they appear in the original Sellers bill were scrivener's errors. Unquestionably such descriptions, we now know, were erroneously used in the original Sellers bill. But there was nothing in that bill at the time it was filed and at the time the injunction was issued thereon which could possibly indicate to the trial court that the Valenzuela property was west of that of Mrs. Sellers. True, the original Sellers bill alleges that the Valenzuela property was adjacent to the Sellers property, but it shows that it adjoined the eastern boundary of the Sellers property. The original Sellers bill also avers that the driveway was between the property of the complainant and respondent, but the bill further shows that the driveway lay along the eastern boundary of the Sellers property. We can find nothing in the original Sellers bill which would justify a conclusion that the driveway which was the subject of that suit was located anywhere other than on the eastern boundary of the Sellers property.

Likewise there is nothing in the Valenzuela bill which could indicate to Judge Bates at the time it was filed and at the time he ordered the Valenzuela injunction to be issued that the driveway there involved was the same one involved in the Sellers suit as originally filed. As before shown, the original Sellers bill averred that the driveway there involved was between property owned by Mrs. Sellers and property of the Valenzuelas located east of the Sellers property. The averments of the Valenzuela bill clearly show that the driveway there involved was located between property owned by Mrs. Sellers and property owned by Valenzuela located to the west of Mrs. Sellers' property. True, both parties may have known at the time that the two suits were intended to cover the same driveway, but we cannot say that there was anything to indicate to Judge Bates that such was the case. Consequently, we hold that at the time the Valenzuela injunction was issued it did not appear to be a counter-injunction to that issued in the Sellers case.

However, on November 19, 1946, Mrs. Sellers filed a motion to discharge the Valenzuela injunction on the ground that it was in effect an injunction against an injunction. As before indicated, the proceedings in the suit filed by Mrs. Sellers against Valenzuela were incorporated in the motion by reference, which included an amendment which had been filed by Mrs. Sellers on the same day (November 19, 1946) wherein the Sellers bill was corrected so as to show that the driveway there involved was situated on the western boundary of the Sellers property and that the Valenzuela property was west of the Sellers property.

When this was done the trial court, Judge Bates, was advised that these parties were in disagreement over the location and use of only one driveway and that it was located on the western boundary of the Sellers property and that the Valenzuela lot was west of the Sellers lot. The injunction in the Sellers case operated to maintain the status quo. In other words, Mrs. Sellers merely asked that pending the settlement of the boundary line dispute the Valenzuelas be enjoined from erecting a coping or wall which would interfere with the use of the driveway by Mrs. Sellers and her visitors, guests, etc. On the other hand, the injunction issued on November 19th in the Valenzuela suit completely destroyed the status quo. By virtue of the amendment to the Sellers bill, this fact was made known to the trial court.

We are of the opinion that the injunction issued on November 19th, as prayed for in the Valenzuela bill, should have been discharged, as the amendment filed to the

Sellers bill shows that the said Valenzuela injunction was improvidently issued. If that had been done, the status quo could have been maintained and the location and right to use of. the driveway could have been determined in the Sellers suit. We think a motion to discharge was the proper remedy to reach such irregularity. Acker v. Green et al., 216 Ala. 445, 113 So. 411.

On December 2, 1946, after Judge Bates had refused to discharge the Valenzuela injunction, Mrs. Sellers filed a sworn answer to the Valenzuela bill of complaint, which was made a cross bill. Under the averments of this answer it is made to appear that on November 23, 1946, Valenzuela caused to be constructed a wall or coping on said driveway approximately six or eight inches in height and which wall or coping, according to the averments of the said sworn answer, extended over the true boundary line of the Sellers property approximately three inches. Mrs. Sellers incorporated in the sworn answer a motion to dissolve the Valenzuela injunction and by making the said sworn answer a cross bill sought a preliminary writ of injunction to restore the "status quo" by requiring Valenzuela to remove the wall or coping constructed or or about November 23, 1946, and to replace the driveway in the condition it was when the Valenzuela bill of complaint was filed.

On December 9, 1946, Judge Bates, at the hearing on the motion to dissolve, denied said motion and an appeal was taken from that order. On the same day the application for the mandatory injunction was also denied and an appeal taken from that order.

Although, as before indicated, we think the motion to discharge should have been granted, nevertheless we are of the opinion that since the wall or coping was constructed subsequent to the time the motion to discharge was overruled and prior to the date the court acted on the motion to dissolve and the application for mandatory injunction, the trial court correctly refused to require Valenzuela to tear down the wall which he had constructed under the protection of the injunction issued on November 19, 1946, and which the trial court refused to discharge.

These parties are engaged in a controversy over one particular driveway. We think that the status quo should have been maintained and their rights to the use of the said driveway determined in the bill filed by Mrs. Sellers. However, the trial court did not permit the status quo to be maintained. The wall or coping has been constructed and we cannot see why equity should at this time require. the coping or wall to be torn down. It could be that it is properly located. Of course, we do not pass on that question, as such is for the determination of the trial court.

Although we think that the motion to discharge should have been granted, the subsequent developments revealed by the record indicate that it is proper that the Valenzuela injunction remain in force and effect until the rights of the parties in connection with the driveway are determined on the merits. We hold, therefore, that all of the decrees appealed from should be affirmed. We feel, however, that in the exercise of our discretion it is proper, under the peculiar circumstances here presented, that the costs of the appeals be taxed against the appellee. It will be so ordered.

The two cases which are involved in this appeal, we think, should be consolidated in the trial court. Such an order of consolidation in equity, while it does not have the effect of causing the two suits to become one, will enable them to be concurrently heard. Ex parte Green, 221 Ala. 415, 129 So. 69; Herren et al. v. Beck et al., 231 Ala. 328, 164 So. 904.

Affirmed.

All the Justices concur.