42 So.2d 824

## LOFTIN v. PARKER.
### 5 Div. 465.

Supreme Court of Alabama.

Nov. 25, 1949.

1. 252 Ala. 296.

Brown & McMillan, Auburn, and Roberts H. Brown, of Opelika, and Knox McMillan, of Auburn, for appellee.

Jacob A. Walker and R. C. Smith, of Opelika, for appellant.

SIMPSON, Justice.

The appeal is from a decree in equity granting an application for ·a temporary writ of injunction after a hearing under the statute.—Code, Title 7, § 1057.

The hearing was had on the amended bill and the sworn answer and the affidavits and testimony ore tenus before the court of the parties and witnesses, consistent with the provisions of § 1054, Title 7, Code.

The objective of the bill was to enforce by injunctive process an alleged contract whereby appellant, Loftin, sold the "Grady Loftin's Ready to Wear" business, with its good will, and bound himself not to "directly ·or indirectly, engage in or become financially interested in the dry goods or ready to wear business during the next 3 years in the City of Auburn, Alabama, nor within the territory included in a 3½ mile radius from the location known as Loftin's Ready to wear business or store."

The facts developed, in so far as deemed essential to the proper disposition of the appeal, are substantially the following: Appellant owned the aforesaid ready-to-wear business and was the proprietor or manager of an adjoining mercantile business known as "Grady Loftin," a 5 and 10¢ novelty store. Sometime in the later part of the year, appellee approached appellant with reference to selling the 5 and 10¢ store and was told by Loftin that that business was not for sale, but he would sell the ready-to-wear business, in consequence of which negotiations they finally came to an agreement that Loftin would sell and appellee would buy the ready-to-wear business, and on December 31st Loftin executed a memo-

randum to the effect that the transaction would be completed on January 2nd following, which memorandum recited, among other things, "total amount for both fixtures, good will and merchandise being $23,000.00." This memorandum was made Exhibit B to the bill. On said January 2nd, a written agreement of sale and purchase was entered into between the parties whereby appellant agreed to sell and appellee to buy the business at the figure stated, which document contained the above-quoted covenant, the basis of this litigation. This agreement was made Exhibit A to the bill. Exhibit C to the bill was the final bill of sale executed by appellant transferring and conveying appellee the property.

The three exhibits, when taken and considered together, clearly establish a covenant for valuable consideration whereby appellant, for the stated locality and period, would refrain from the business mentioned. The mere fact that document C, conveying the property, omitted such a stipulation or that document A, agreeing to sell, omitted to include a sale of the good will of the business, in no way detracted from the validity of the covenant. The two documents, together with the memorandum exhibited as B, evidenced the whole transaction and indicate sufficiently that the good will of the business was included in the sale. "It is not essential that the contract for the sale of a business expressly include the good will thereof. Covenants designed, in the nature of them, to protect the good will of ·the business being sold, imply a sale of the good will."—Yost v. Patrick, 245 Ala. 275, 280, 17 So.2d 240, 244; Maddox v. Fuller, 233 Ala. 662, 665, 173 So. 12.

After this purchase, appellee became the owner and operator of the ready-to-wear store, which at the time also handled dry goods, and his contention is that, after this sale Loftin, in violation of his covenant to refrain from engaging in or becoming interested in such a business, began selling in the 5 and 10¢ store merchandise similar to that previously sold by him in his ready-to-wear business, or as stated in appellee's brief, "that the appellant has been using the 5 and 10¢ store as a facade behind which appellant has revived the dry goods and

ready-to-wear business sold to the appellee and that for some time the appellant has been violating his covenant by subterfuge."

The rule to determine the enforceability of contracts of the nature of the one here considered is well settled. It was thus stated by the late Chief Justice Anderson in Crossfield v. Lokey, 212 Ala. 560, 561, 103 So. 649:

"It is undoubtedly the law in this country and in England, that contracts in general restraint of trade are void as against public policy; but contracts, like the one here involved, where one sells his business and good will to another and covenants not to engage in a similar business for himself or another in a certain territory and for a specified time, have been repeatedly upheld by the courts and have been enforced by the restraining effect of injunctive process. * * *"

Our statute law now embodies the settled principle.—Code 1940, Title 9, §§ 22, 23, and 24; J. L. Davis, Inc., v. Christopher, 219 Ala. 346, 122 So. 406.

Section 22 provides:

"Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

Section 23, as pertinent, provides:

"One who sells the good will of a business may agree with the buyer * * * to refrain from carrying on or engaging in a similar business * * * within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the good will from him * * * carries on a like business therein."

Section 24 is not germane to the incidents of the present case.

It is to be observed from the established law that an essential to the validity of that character of contract is that the vendor may only contract against competing with the buyer or subsequent title holder of the business sold, that is, he may contract not to engage in a rival business similar to that sold.—Cases, supra. See also Yost v. Patrick, 245 Ala. 275, 17 So.2d 240;

Shelton v. Shelton, 238 Ala. 489, 493, 192 So. 55; Maddox v. Fuller, 233 Ala. 662, 665, 173 So. 12; Crossfield v. Lokey, 212 Ala. 560, 103 So. 649; McCurry v. Gibson, 108 Ala. 451, 456, 18 So. 806, 54 Am.St.Rep. 177.

True, the instant contract was not so restricted in verbiage, but such qualification is by law written into it and we think the bill exhibiting it, with a prayer for its enforcement, sets forth allegations of sufficient equity to invite its specific performance if there be sufficient proof to sustain the equity.

The trial court made no finding of fact, but, after requiring the necessary bond, ordered the register to "issue a temporary writ of injunction, directed to the Respondent, Grady Loftin, enjoining him from directly or indirectly engaging in or becoming financially interested in a similar dry goods and ready to wear business to that sold by Respondent, Grady Loftin, to the Complainant, William F. Parker on the 2nd day of January 1947, in the City of Auburn, Lee County, Alabama, or within the territory included in a three and one-half mile radius from the location of Complainant's store, 'Parker's' formerly known as 'Loftin's Ready to Wear' in the City of Auburn, Lee County, Alabama, as prayed for in the Amended Bill of Complaint in this cause."

This order of the court is assigned as error on appeal. Subsumed under this general averment of error are several propositions advanced to sustain the position, but for brevity we will not respond separately to each contention, but will set down what we regard as sufficient governing rules apposite to the case.

The first judicial duty in considering the enforcement of such an equity is to ascertain the intent of the parties where, as here, the intent is not so clearly expressed as to exclude the necessity of construction, and "in order, where construction is necessary, to ascertain the intent of the parties, the circumstances surrounding them and the object proposed by their engagement should be considered. Parol evidence is often the only means whereby the conditions and circumstances surrounding

the parties, at the time of contracting, may be shown. Lewman & Co. v. Ogden Bros., 143 Ala. 351, 42 So. 102, 5 Ann.Cas. 265; McDonnell v. Jordan, 142 Ala. 279, 38 So. 122."—Smith v. Webb, 176 Ala. 596, 599-600, 58 So. 913, 914, 40 L.R.A.,N.S., 1191.

Usually, in contracts of this character the common intent of the parties in embodying such a clause as ancillary to the selling of a business is to afford and assure the vendee, as far as the vendor is concerned, an unopposed pursuit of the business sold. The instant case, however, is unusual in that the appellant was also interested in the adjoining mercantile business, and underlying his covenant to refrain from so engaging in the ready-to-wear and dry goods business was the understanding of the parties that he was to continue the 5 and 10¢ store business next door. Indeed, Parker himself testified that he "knew that he [Loftin] had the right to continue to operate the 5 and 10¢ store as it had been [previously] operated."

The difficulty confronting a proper framing of the injunction order or of resolving the controversy between the parties is that the novelty store (5 and 10¢) also handled some lines of ready-to-wear and dry goods, mostly of a cheaper character than the high-priced lines handled by the other store sold to appellee, and there were also perhaps some few articles of similar quality sold in both stores at the time the higher class store changed hands. Appellant suggests this difficulty as grounds for the court in exercising its discretion to deny the writ, Shelton v. Shelton, supra, syl. 7; American Laundry Co. v. E. & W. Dry Cleaning Co., 199 Ala. 154, 74 So. 58, syl. 13, 14, and as manifesting error in granting it.

■ In this we cannot agree. We think sufficient equity is disclosed by the recorded proof to warrant the trial court in exercising his discretion to grant the writ, if the evidence before him, some by witnesses testifying in open court, be credited, which was within his province to do. He was better advantaged than we to appraise the verity of such testimony and, according due weight to his finding in that regard, we would be reluctant to overturn it.

■ But we think the order entered was too comprehensive and should be subject to the qualification hereafter noticed. The restraining order, it will be observed, took no account of that phase of the uncontradicted evidence which showed that the 5 and 10¢ store also handled some ready-to-wear and dry goods and that it was not contemplated that appellant should desist from being interested or engaging in such character of business in the 5 and 10¢ store as was being transacted in said store at the time the other business changed hands. We think, therefore, the injunction order should be so framed as to take account of this phase of the case. So considered, the judgment will accordingly be here modified to meet this exigency.

■ We deem it proper also to observe that while there was much evidence adduced by appellant showing the character of merchandise *usually* handled by novelty stores of the kind he was interested in, that this is not the criterion to govern the status here. The test is the kind of merchandise that particular novelty store was handling when appellant made the covenant to refrain from the ready-to-wear and dry goods business.

■ The contention is made that if the order for the writ had been granted at all, the writ should have specifically designated the articles of merchandise the 5 and 10¢ store may not sell, but we are not in accord with such contention. We have not overlooked the argument that injunction writs should be clear and specific as to the particular act or thing which the defendant should be restrained from doing.—Sellers v. Valenzuela, 249 Ala. 620, 32 So.2d 520; In re Willis, 242 Ala. 284, 5 So. 2d 716. But each case must be considered in the light of its own circumstances and the matters sought to be restrained. In this particular case we think the injunction order, if modified as hereinabove noted, will be sufficiently clear and definite. Each of the parties knows the merchandise which was being handled by the respective stores at the time of the sale of the Ready-to-Wear and is familiar with the quality of merchandise both stores handled at that time and the duplication of merchandise handled. In-

fraction of appellant's covenant in the premises, if such be proven, can be properly redressed by the customary corrective action of the trial court.

Let the decree be modified as indicated and affirmed.

Modified and affirmed.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.