223 So.2d 516

Katie B. BROWN

v.

Jesse L. WAGGONER et al.

6 Div. 370.

Supreme Court of Alabama.

May 1, 1969.

Rehearing Denied June 12, 1969.

loosa County, in Equity, seeks by judicial decree to ascertain the true and legal boundary line between real property (an urban lot) owned by her, and real property (an urban lot) owned by respondent. From a final decree ascertaining and fixing the boundary, respondent appeals.

Appellant, Mrs. Brown, here contends inter alia that the trial court erred in overruling her demurrer to the complaint. She argues that the complaint not only fails to describe the true boundary line, but does not allege. that the said boundary is unknown to her.

But the absence of such allegations does not deprive the circuit court of jurisdiction, and it is not fatal to relief when there is no ground of demurrer, as here, directed to such failures. Title 13, Sec. 129(5), Code 1940, Recompiled in 1958; also the same Code, Title 47, Section 2 et seq.; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558(1–2); Sellers v. Valenzuela, 249 Ala. 620, 32 So.2d 520(1); Ford v. Beam, 241 Ala. 340, 2 So.2d 411.

It seems to us that the fixation by judicial decree of the correct boundary line between the two urban lots here involved was dependent upon the factual issues arising from the respective deeds of the parties and the relevant evidence heard orally by the trial court. We have read all the evidence, and some more than once, in our efforts to determine the correctness vel non of the trial court's decree. We state that some of it is confusing due to the fact that some of the witnesses were evidently testifying from a drawing to illustrate the testimony. On the whole, we hope that we have a fairly accurate concept of the evidence.

One Dr. T. M. Leatherwood, in March 1901, created a subdivision that has lots 1 to 11, inclusive, in Block 1. These lots are numbered west to east. Each lot, except No. 1, is 100 feet east to west, and 207 feet

Gordon Davis, Tuscaloosa, for appellant.

E. D. McDuffie and Norma Holcombe, Tuscaloosa, for appellees.

PER CURIAM:

The bill of complaint in this cause, filed by appellee in the Circuit Court of Tusca-

north to south. There is also Block 2 which has lots 1 to 10, inclusive, running west to east. There is a street that separates the two blocks. We are here concerned with the south half of lots 1 and 2 in Block 1. Lot 1 is bordered on the west by a road or street that leads from a southeasterly to a northwesterly direction. This lot is narrower at the south end than at the north line. Lot 2 of said Block 1 is 100 feet east and west at the south and north boundaries. The east and west boundaries are shown on the map to be vertical or to run approximately 207 feet north and south—not slanting.

It appears from the bill of complaint that appellees, Mr. and Mrs. Waggoner, acquired a deed to and possession of:

"A strip of land of uniform width fifty feet wide off of the East end of the South One-Half of Lots Numbered One and Two in Block Number One of the T. M. Leatherwood Subdivision in Section Twenty-Six, Township Twenty-One South, Range Ten West, according to a plat and survey made by N. A. Jones, a map or plat of which is on record in the Probate Office of Tuscaloosa County, Alabama, in Plat Book Number Two on Page Eighteen and reference to which is hereby made in aid of and as a part of this description, the property hereby conveyed being a parcel of land fifty feet wide East and West and One Hundred and Three feet long North and South."

According to the final decree of the trial court, respondent, Mrs. Brown, is the owner of a lot adjacent to and west of appellees' lot. The lot so owned is described in the decree as follows:

"A strip of land of uniform width 100 feet off of the entire East end of the South Half of Lots Numbered One (1) and Two (2) in Block One (1) of the T. M. Leatherwood Subdivision, a map or plat of which said Subdivision is of record in Plat Book 2 at page 18 in the Probate Office of Tuscaloosa County, Alabama; reference to the record of said map or plat being here made in aid of and as a part of this description. LESS AND EXCEPT a strip of land of uniform width 50 feet wide off of the East end of the above described property, said 50 foot strip being the same property hitherto conveyed by James Robert Taylor and being of record in Deed Book 277 at page 169 of the Probate Records of Tuscaloosa County, Alabama. The property hereby conveyed being a parcel of land 50 feet wide East and West and 103 feet long North and South."

It seems that Herman F. Burchfield, Sr., and Herman F. Burchfield, Jr., litigated with appellant in the Circuit Court of Tuscaloosa County, in Equity, over the boundary line between appellant's property above described and Lot No. 1 in Block 1, supra, which was owned in whole or in part by the Burchfields. The Chancellor (Judge Reuben Wright), who presided over the trial, established the boundary between these lots. No appeal was taken from the final decree. The decree fixed the boundary line as follows:

"As a point of beginning start at a point on the East line of Lot One of the Dr. T. M. Leatherwood Survey, a plat of said survey being recorded in Plat Book 2, at page 18, in the Probate Office of Tuscaloosa County, Alabama, that is 103.5 feet North of the Southeast corner of said Lot One; thence Southwardly to a point on the South line of said Lot One that is 6.0 feet West of the Southeast corner of said Lot One, which point is also defined as 4.0 feet East of the edge of existing concrete paving now serving service station, and which is the end of said described line. All of which is in the Dr. T. M. Leatherwood subdivision above mentioned."

We attach a map or plat appearing in appellant's brief.

NORTH

T. M. LEATHERWOOD SUBDIVISION    16

LOT # 1, BLOCK 1

LOT # 2, BLOCK 1

100 ft.

241 ft.

100 ft.

50 ft.    50 ft.

Burchfield Lot
S 1/2 of Lot #1

W 1/2 of S 1/2
of Lot #2

E 1/2 of S 1/2
of Lot #2

Brown Lot

Waggoner Lot

Service Station
Pavement

Line fixed by Judge Reuben H. Wright's Decree

Line fixed by trial Court's decree

True line. dividing parties porperty

103.5 ft.

103.5 ft.

103.5 ft.

76 ft.    4 ft.    6 ft.    50 ft.    6 ft.    50 ft.

SE Cor. Burchfield pavement

SOUTH

We note that the decree fixing the above boundary is not binding on appellees because they were not parties to the suit, but is binding on appellant to the extent that it fixed and determines her west boundary to her property in this Leatherwood subdivision.

The final decree establishing the West boundary, supra, of appellant's lot was offered in evidence by appellees for consideration by the court in the instant cause as descriptive of appellant's West boundary line to her lot. Appellees by such introduction recognize the validity of the decree establishing said line.

Appellant in her testimony given in the instant case asserts that the court in the Burchfield decree gave her the triangular area in Lot 1, which is in addition to the lot 50 x 103.5, which latter area is all the area described in her deed. She here contends that instead of the 50 feet frontage she has by decree of the court 56.6 feet frontage.

The answer of respondent Brown in the Burchfield suit (said answer having been

introdued in evidence) claims only the identical property or lot that is described in the final decree in the instant suit. The answer does not claim any triangular area lying in Lot No. 1 in addition to the 50 x 103.5.

It would seem rather unusual for the trial court in the Burchfield suit to have gone beyond or outside the pleading and picked off a triangular area from the Burchfield Lot No. 1, supra, and give it by judicial fiat to Mrs. Brown without her even asking for it in her pleading. We conclude, nothing to the contrary being shown, that the trial judge in the Burchfield suit stayed within the issues framed by the pleading, and determined that Mrs. Brown's West property line was over in Lot No. 1. The description of said 50 x 103.5 says that the lot is in Lots numbered 1 and 2 of said Leatherwood subdivision.

We, therefore, conclude from the final decree in the Burchfield suit that the West boundary line of Mrs. Brown's lot (part being in Lot No. 1) fixed by the trial court was the West line of the lot (50 x 103.5) that she bought, and was not the West boundary line of a triangular strip allegedly added to this lot in the Burchfield suit.

The West line of appellant's lot (50 x 103.5) being established, it necessarily follows that the East boundary line of said lot is parallel to and 50 feet East of this established West line. This East boundary line separates appellant's and appellees' lots.

Under the circumstances in the instant suit, we tax appellant with one-half the costs accrued in this appeal and the appellees are taxed with the other one-half.

We conclude that all assignments of error here argued are without merit. The decree of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.